[No. 11349.   In Bank. — March 10, 1886.]

FLORENCE E. HALL, PETITIONER, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

ESTATE OF DECEASED PERSON — CLAIM — AFFIDAVIT TO. — An affidavit to a claim against the estate of a deceased person stated "that the amount thereof, to wit, the sum of four hundred is justly due," etc., the word "dollars" being omitted. In the body of the claim the amount due was stated to be four hundred dollars. *Held*, that the affidavit was sufficient.

ID. — REFERENCE TO DETERMINE CORRECTNESS OF CLAIM — ORDER FOR MAY BE MADE IN COURT. — Under section 1507 of the Code of Civil Procedure, a reference to determine the correctness of a claim against the estate of a deceased person may be made in court, if the claimant and the personal representative of the deceased consent thereto.

APPLICATION for a writ of review to annul an order of the Superior Court of the city and county of San Francisco, confirming the report of a referee appointed to determine the correctness of the claim mentioned in the opinion. The further facts are stated in the opinion of the court.

*George D. Collins*, for Petitioner.

MYRICK, J. — Application for a writ of review. Two points are made by petitioner: —

1. That the claim was not properly verified. The estate of Mary Ann Hall, deceased, was in process of administration, and one Newman presented to the admin-

istrator a claim for four hundred dollars, for services rendered to deceased in her lifetime. It was stated in the claim to be for the sum of four hundred dollars. In the affidavit to the claim it was stated "that the amount thereof, to wit, the sum of four hundred is justly due," etc., the word "dollars" being omitted. It is claimed that the affidavit was not sufficient in that it did not state that any sum was due the claimant. We think the affidavit sufficient; it referred to the body of the claim, in which the amount was stated, and then said the amount thereof was justly due.

2. That there was no reference as provided in section 1507, Code of Civil Procedure. The parties signed a written stipulation, and thereupon the court in which the administration was pending made an order of reference. The point is made that as the approval by the court or judge was not made upon the stipulation and filed as a distinct act, there was no valid reference. A clause in the section referred to reads, "If the parties consent, a reference may be had in the court." This portion of the section was complied with.

The application is denied, and the order is discharged.

McKINSTRY, J., ROSS, J., SHARPSTEIN, J., and THORNTON, J., concurred.