[No. 14107.    Department One. — November 5, 1891.]

SEBIA DAVIS, Executrix, etc., Respondent, *v.* J. W. BROWNING, Administrator, etc., Appellant.

91 603
a103 155
91 603
129 598

Estates of Deceased Persons — Verification of Claim by Executrix — "Claimant"— "Affiant." — A verification of a claim against the estate of a decedent, made by the executrix of the estate of another decedent, is not rendered irregular by stating that there are no offsets to the same, "to the knowledge of said claimant," instead of saying "to the knowledge of the affiant." In such case the "claimant" and the "affiant" are the same person, and the affidavit is a substantial and sufficient compliance with the requirements of the statute.

APPEAL from a judgment of the Superior Court of Colusa County.

The facts are stated in the opinion of the court.

*John T. Harrington,* for Appellant.

*H. M. Albery,* for Respondent.

HARRISON, J. — The only question involved in this appeal is the sufficiency of an affidavit to a claim against the estate of the defendant's intestate. Plaintiff's testator, prior to his death, had prepared and properly verified a claim against said estate, but having died before its presentation, the plaintiff herein, after her appointment as executrix of his last will and testament, added to the claim that had been so prepared and verified by him her own verification, in the following words, viz.: —

" State of California, } ss.
      County of Colusa. }

" Sebia Davis, being first duly sworn, deposes and says that she is the executrix of the estate of Howell Davis, deceased, whose foregoing claim is herewith presented to the administrator of the estate of R. S. Browning, deceased; and Sebia Davis, being duly sworn, says that the amount thereof, to wit, the sum of fifteen hundred and four and forty-seven one hundredths dollars, is justly due to the said Sebia Davis, as executrix of the estate of Howell Davis, deceased; that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of said claimant; that the reason said affiant makes this affidavit is that said Howell Davis is dead, and she is executrix of said estate of Howell Davis, deceased.        SEBIA DAVIS.

" Subscribed and sworn to before me this twenty-fifth day of June, A. D. 1888.

"S. M. BISHOP, County Clerk.
      " By S. S. RUSSELL, Dep'y."

The claim so verified was presented by her to the defendant, and by him rejected. Suit was thereupon brought

upon the demand, and at the trial the above-named claim, with the foregoing verification, was admitted in evidence against the objection of the defendant. This ruling of the court is now presented as error.

It is contended by the appellant that the affidavit of the plaintiff, " that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of said *claimant,*" is not a sufficient compliance with the statute (Code Civ. Proc., sec. 1494), which requires that the claim must be " supported by the affidavit of the claimant, or some one in his behalf, that the amount is justly due, that no demands have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the *affiant*"; that inasmuch as it appears from the affidavit that the " claimant" is the estate of Howell Davis, deceased, and as the affidavit is made by the plaintiff, a denial of the existence of any offsets or credits, to the knowledge of the " claimant," is insufficient, but that such denial should be according to the knowledge of the " affiant."

We think, however, that in this case the " claimant " and the " affiant " are the same person, and that the use of the word " claimant," instead of " affiant," in the clause referred to in the affidavit, is immaterial. It is true that the demand is in behalf of the estate which she represents, and that the moneys that may be received by her will not be her individual property, but she is nevertheless the proper individual to make, and the one who has made, the claim, and to whom the money is to be paid. It would be giving too much attention to mere form and shadow to hold that the affidavit made by her is not a substantial as well as a sufficient compliance with the requirements of the statute.

Judgment affirmed.

PATERSON, J., and GAROUTTE, J., concurred.