[No. 15404. Department Two.—June 18, 1894.]

M. J. WARREN, RESPONDENT, v. H. M. McGILL, EXECUTOR, ETC., APPELLANT.

103  153<br>129  598

ESTATES OF DECEASED PERSONS—CLAIMS—SUFFICIENCY OF AFFIDAVIT.—The use of the word "affiant," instead of "claimant," in an affidavit attached to a claim presented to an executor, does not render the claim defective, where it appears from the affidavit that the same person was claimant and affiant.

ID.—ACTION UPON CLAIM—PRESENTATION OF SECOND CLAIM—ESTOPPEL.— A claimant is not estopped from asserting any rights under a claim against the estate which is sued upon, by reason of the fact, that, prior to its presentation, another verified claim showing the indebtedness to be of a less amount was presented for allowance, where it appears that such prior claim was not approved, and that its contents were not read to, nor seen by, the plaintiff, and that such prior claim was largely incorrect.

ID.—EVIDENCE—OBJECTION TO ACCOUNT BOOK NOT SET OUT IN RECORD—PRESUMPTION UPON APPEAL.—An objection to the introduction in evidence of an account book, where no part of the contents of the book, or of the evidence in relation to it, is set out in the record, cannot be considered upon appeal, and it must be presumed that the ruling of the court in regard to it was correct.

ID.—COMPETENCY OF WITNESS—INTEREST IN RESULT.—The fact that a witness is personally interested in sustaining the alleged claim of plaintiff against the defendant is not a ground of objection to the competency of the witness, and should only be considered in determining what weight should be given to his testimony.

NONSUIT—MOTION PROPERLY OVERRULED.—A motion for a nonsuit is properly overruled where there is evidence tending to justify a decision in favor of the plaintiff.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Henry M. McGill,* for Appellant.

*H. C. Firebaugh,* for Respondent.

BELCHER, C.—Action to recover money due from an estate. The complaint avers, in substance, that Thomas Hovenden was indebted to the plaintiff in the sum of six thousand eight hundred and twenty-eight dollars and six cents, and died leaving a will in which the defend-

ant, McGill, was named as executor; that the will was admitted to probate, and letters testamentary were issued to defendant, who duly qualified and entered upon the discharge of his duties as executor; that notice to creditors to present their claims was published, and thereafter, within the time prescribed, the claim of plaintiff, a copy of which is attached to the complaint, verified by the oath of the claimant, was duly presented to the defendant as such executor for allowance, and was by him rejected.

The answer denies the indebtedness, denies that the claim on which the action is founded was duly presented to defendant for allowance, and avers that no claim for the alleged indebtedness was ever presented to defendant as such executor, "in manner or form as required by the statute of this state in such case made and provided." The case was tried by the court, and the findings were, in effect, that the plaintiff was entitled to judgment for the sum of four thousand one hundred and sixteen dollars and sixty-five cents, and costs of suit, to be paid in due course of administration. Judgment was accordingly so entered, from which, and from an order denying a new trial, the defendant appeals.

1. The point that the evidence was insufficient to justify the findings cannot be sustained. Much of the evidence introduced by the plaintiff is omitted from the record, but enough is set out to support the decision. It is true there was some conflict in the evidence, and some inconsistencies were shown; but those were matters for solution by the trial court, and its action cannot be disturbed on appeal.

2. The point that the claim was not *duly* presented in manner or form as required by statute is rested upon the fact that the affidavit attached to the claim stated "that no payments have been made thereon which are not credited, and that there are no offsets to the same to the knowledge of said claimant"; and it is argued that the affidavit was fatally defective, because the

words found in the statute (Code Civ. Proc., sec. 1494), " to the knowledge of the affiant," were not used.

This point is without merit. It appears from the affidavit that the same person was "claimant" and "affiant," and the use of one word rather than the other was, therefore, wholly immaterial. See *Davis* v. *Browning*, 91 Cal. 603, where the same point was raised, and decided against the contention of appellant here.

3. The point that the plaintiff is estopped from asserting any rights under the claim sued upon is based upon the fact that, prior to its presentation, another claim, verified by her, and showing the indebtedness to be of a less amount, was presented to defendant for allowance. No such defense is set up or suggested in the answer, and in our opinion it is untenable. It is true that a prior claim was made out and sent to defendant, but it was never approved by him, and, as shown by plaintiff's uncontradicted testimony, it was never read to or seen by her, and was largely incorrect. Under these circumstances the doctrine of estoppel cannot be invoked.

4. Certain errors of law are specified in the statement, but they are simply referred to in appellant's points and authorities, without any argument, and may be briefly disposed of. The first error specified is, that the court erred in overruling defendant's objection to the introduction in evidence of plaintiff's account book. The objection was: "That the entries in said book were in several instances without date, and unintelligible; and further, that a mere inspection of said book shows that all the entries therein, purporting to cover a period of several months, had been written at the same time, and were evidently incorrect, and had been made at a very recent date." There is nothing in the record showing that this objection was based on any valid ground. No part of the contents of the book or of the evidence in relation to it is set out, and it must therefore be presumed that the ruling of the court was correct.

The second error specified is, that the court erred in

overruling defendant's objection to the competency of plaintiff's witness, David Dalzell, and permitting him to testify. The objection was, that the witness was incompetent, because he had a suit pending against defendant of the same character as this, and "was personally interested in sustaining the alleged claim of plaintiff against defendant." There was nothing in this objection. The interest of the witness in the result did not at all affect his competency to testify. At most, it could be considered only in determining what weight should be given to his testimony.

The third error specified is, that the court erred in overruling defendant's motion for a nonsuit. The ground of the motion was, that no claim for the money sued for had been presented, and there was no evidence to justify or sustain the demand. But the defendant expressly admitted that the claim was presented to, and rejected by, him, and there was, as we have seen, evidence sufficient to justify and sustain the demand. The ruling of the court was, therefore, without error.

We find no prejudicial error in the record, and advise that the judgment and order be affirmed.

SEARLS, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

DE HAVEN, J., FITZGERALD, J., McFARLAND, J.