## JOHNSON v. GREENBERG et al.

### No. 15,375; June 26, 1894.

#### 37 Pac. 141.

**Appeal.—Where There is a Substantial Conflict in the Testimony,** with sufficient proof to sustain them, the findings of the trial court will not be set aside.

APPEAL from Superior Court, City and County of San Francisco; Eugene R. Garber, Judge.

Action by C. B. Johnson to enjoin Edwin F. O'Neal, as sheriff, from executing a deed to one of defendants, B. Schwartz, and to enjoin defendants Meyer Greenberg and B. Schwartz from further proceedings in the case of defendant Greenberg against defendant California Bituminous Rock Company. Judgment for defendants, and plaintiff appeals. Affirmed.

T. C. Van Ness (Wilcoxon & Bouldin of counsel) for appellant; Reinstein & Eisner, Graves & Graves and E. P. Cole for respondents.

PER CURIAM.—This action was brought to enjoin the defendant Edwin F. O'Neal, as sheriff of the county of San Luis Obispo, from executing or delivering to defendant B. Schwartz a deed to certain land situated in said county of San Luis Obispo, the property of defendant the California Bituminous Rock Company (a corporation), which lands were sold by said sheriff under an execution issued upon a judgment in

favor of defendant Meyer Greenberg against California Bituminous Rock Company, and also to enjoin defendants Greenberg and Schwartz from further proceedings in the action upon which said judgment was rendered. The theory of the amended complaint may be briefly stated as follows: The plaintiff and defendants L. M. Warden and Meyer Greenberg were the owners of the certain lands described in the complaint, the title of which, by common consent, stood in the name of Greenberg, but who held in trust for his co-owners, the plaintiff being the beneficiary as to one-fourth thereof. The corporation defendant was organized by them, and the land conveyed to such corporation. There were twelve hundred and fifty shares of the capital stock of the corporation, of which stock, plaintiff, defendants Warden, Greenberg and Underhill each held three hundred shares, and defendants Graves fifty shares. On January 17, 1891, defendant Greenberg brought suit against the corporation to recover $8,155.15 for money advanced by him and paid out for the corporation, and on the 7th of March, 1891, obtained judgment. The land in question was sold on the 11th of April, 1891, under an execution issued on such judgment, and purchased by defendant B. Schwartz for the sum of about $8,155.15. The complainant avers that the corporation defendant was not indebted to Greenberg in the sum of $8,155.15, or any other sum of money, at the commencement of the suit, and that the action and the sale of the property was a fraudulent scheme on the part of defendants Greenberg and Warden to defraud plaintiff and the other defendants of the property, and that the purchase thereof by Schwartz was for the benefit of Greenberg, and to procure the title for him, and that, thereafter, Greenberg and Warden were to become the owners thereof, to the exclusion of plaintiff and the other defendants; that plaintiff knew nothing of the suit until within a month prior to the commencement of this action; and that the land is of the value of $50,000. The answer denies all the allegations charging fraud; avers that the defendant corporation was justly indebted to Greenberg; that his claim was a bona fide claim and demand, as plaintiff, who was a director of the corporation, well knew, and that he was well aware of the pendency of Greenberg's action against the corporation within one month after it was brought; and that the value

of the land is not in excess of $10,000. The written findings fully negative all allegations of fraud, and, in addition thereto, it is found that all the allegations of the answer are true, except that as to the value of the land, which is found to be $15,000.

Upon the close of the testimony, counsel for the plaintiff asked leave of the court to amend his complaint so as to charge, in substance, that the amount sued for by Greenberg, as due him on account of advances made for the corporation, and in payment of the unpaid balance of the purchase price of the land, was not in fact due him, but that he, the said Greenberg, had in fact borrowed the sum of $8,155.15 from Schwartz for and on behalf of the corporation defendant, and with the money so borrowed for the corporation had paid off and discharged the obligations of the corporation, all of which was known to defendant Schwartz before and at the time of the sheriff's sale, etc. The court permitted the amendment on condition that the case be opened, and defendants permitted to introduce such further proofs as they might desire. The complaint was amended accordingly, whereupon defendants introduced further testimony.

Formal objections are made to each of the twelve findings of the court, upon the ground that the evidence is insufficient to sustain them. The only question, however, in the case, worthy of consideration, is as to whether the money loaned by defendant Schwartz was so loaned to Greenberg on his own account, or through him to the defendant corporation. Greenberg was secretary of the corporation, and a son in law of defendant Schwartz. That he procured from Schwartz the sum of $8,155.15, or thereabouts, is well established. The deposition of Schwartz was read in evidence and he was also called as a witness on behalf of plaintiff. His testimony was not at all clear or convincing but may be fairly interpreted as showing that he supposed he was advancing the money to the defendant corporation, or to obtain a mortgage or some lien against the corporation, or to purchase notes of the corporation; and portions of his testimony go to show that he thought he was loaning the money to the corporation defendant. The language used by the witness indicates that he is a German, who speaks our language indifferently; and the testimony, taken as a whole, shows that his understanding

44

of English is imperfect. He advanced this money, as he thinks, in March or April, 1891. On the other hand, it was conclusively proven that plaintiff and defendants Warden and Greenberg, in 1887, gave their joint and several note to Jack and Goldtree for $2,937.50, with interest, being for a part of the original purchase price of the land; that the corporation defendant assumed to pay, but did not pay, the note; that Warden and Greenberg paid it by a new note made by them for $3,191.12, with interest, etc.; that the corporation defendant, engaged in mining and selling bituminous rock from the land in question, met with losses, and that defendants Warden and Greenberg borrowed other moneys at the request of and for the corporation, for which they gave their notes, until in 1890, when the aggregate of the indebtedness of the company for which they were responsible was $8,000, for which they and one H. Crocker gave their joint and several note for said sum of $8,000, at thirty days, with interest. Crocker paid the note off at maturity and brought suit against Greenberg and Warden. On the ninth day of January, 1891, Greenberg paid the demand in suit by an overdraft on the First National Bank of San Luis Obispo for $8,155.15, promising the bank to come to San Francisco, and borrow from Schwartz the money to meet such overdraft. On January 17th he brought this suit, and subsequently procured the money from Schwartz, and paid the overdraft with it. As Greenberg procured judgment March 7, 1891, it may well be that the fact that Greenberg had a lien upon the property was an idea prevalent in the mind of Schwartz when he testified, and which will account for many of the statements that he thought the property good for the investment, etc. But waiving all explanation of his testimony, and the fact still remains that there was a substantial conflict in the testimony, with sufficient proof to sustain each and every finding of the court. The judgment and order appealed from are affirmed.