[Sac. No. 639. Department One.—October 26, 1899.]

A. J. LANDIS, Appellant, v. E. M. WOODMAN, Administrator of the Estate of A. Fuller, Deceased, Respondent.

ESTATES OF DECEASED PERSONS—PRESENTATION OF CLAIM—NOTE NOT MATURED—STATEMENT OF PARTICULARS — CONSIDERATION. — Where a claim against the estate of a deceased person consists of an ordinary promissory note not yet due, executed by the decedent to the claimant, there is no necessity for a statement of any other particulars of the claim than those appearing upon the face of the note attached to the claim which is verified by the required affidavit. No special statement need be made as to the consideration of the promissory note, unless expressly required by notification from the administrator or the court, who are empowered to investigate the validity of the claim.

APPEAL from a judgment of the Superior Court of Butte County. John C. Gray, Judge.

The facts are stated in the opinion of the court.

Charles A. March, John E. March, J. D. Sproul, Hiram W. Johnson, and Peter J. Shields, for Appellant.

Cannon & Freeman, *Amici Curiae*, for Appellant.

John Gale, F. C. Lusk, Richard Bayne, and E. S. Pillsbury, for Respondent.

GAROUTTE, J.—Plaintiff presented a claim against the estate of A. Fuller, deceased, to the administrator. This claim was in the following form and was rejected:

"The undersigned creditor of A. Fuller, deceased, presents his claim against the estate of said deceased for approval, to wit:

"Estate of A. Fuller, Deceased, to A. J. Landis, Debtor.

"To principal promissory note, dated June 25, 1897, hereto attached, fifteen thousand dollars.

"To interest on same from June 25, 1897, at seven per cent per annum, to March 25, 1898, seven hundred and eighty-seven and 50-100 dollars.

"Which note is in the words and figures following, to wit:

" '$15,000.            Chico, Cal., June 25, 1897.

" 'One year after date (without grace), I promise to pay to the

order of A. J. Landis, fifteen thousand dollars, for value received, with interest until paid, both principal and interest payable only in United States gold coin.

"'ALFRED FULLER.'"

"State of California, } ss.
"County of Butte.

"A. J. Landis, whose foregoing claim is herewith presented to the administrator of said deceased, being duly sworn, and says that the amount thereof, to wit, the sum of fifteen thousand dollars, with accruing interest at the rate of seven per cent per annum on the sum of fifteen thousand dollars, is justly due said claimant, but is not payable until the expiration of one year from June 25, 1897; that no payments have been made thereon which are not credited, and that there are no offsets to the same to the knowledge of said claimant.

"A. J. LANDIS.

"Subscribed and sworn to before me this 25th day of March, 1898.

"[Seal]                              J. D. MARCH,

"Notary public in and for the county of Butte, state of California."

Upon the rejection of the aforesaid claim this action was brought upon it, and a general demurrer was sustained to the complaint. Thereafter judgment was entered against plaintiff, and this appeal is taken from that judgment. The complaint was held fatally defective upon the ground that the claim therein set out was fatally defective.

Among other matters, section 1494 of the Code of Civil Procedure declares: "Every claim which is due when presented to the executor or administrator must be supported by the affidavit of the claimant, or some one in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same to the knowledge of the affiant. If the claim be not due when presented, or be contingent, the particulars of such claim must be stated." It was held by the trial court that the "particulars" required to be stated in a claim that is not due were not set out in this claim. The single question involved by this appeal is, Does the claim presented substantially comply with the requirements of this statute?

Respondent rests his case upon the proposition that the "particulars" of this claim are not stated, and, in seeking for the meaning of the word "particulars," he declares that it refers to the four essentials of a valid contract, namely, parties capable of contracting, consent, a lawful object and a sufficient consideration. He then admits that this claim shows three of these essentials, but declares it fails to show a sufficient consideration. Even if it be admitted that this construction of the statute is the sound one, we would be loath to hold this claim too weak to form the basis of a cause of action. We would consider long before declaring such a claim no claim. Especially is this so in view of a statute which is so general and indefinite as the one here under consideration. If respondent rejected this claim for the reason that it contained no statement as to the true consideration actuating these parties in making the contract, it would seem but just and right to the claimant that he should have been so informed by the administrator, in order that an amended claim could have been presented to meet that objection.

The "particulars" of this claim are sufficiently stated. The date of the contract is shown. The parties are named. The amount to be paid is stated. When it is to be paid and kind of coin is also stated. This must be held to be a substantial compliance with the statute. Especially are we inclined to such conclusion when we find in sections 1494 and 1499 of the Code of Civil Procedure ample power vested in the court and the administrator or executor to investigate to the lowest dregs the validity and honesty of all claims which may be presented to them. We are also disposed to this conclusion in view of the fact that the business world would be badly handicapped in dealing with commercial paper if a history of such paper be required to accompany it from its inception throughout its long and devious travels. To obtain such a history would be impossible in numberless cases.

A promissory note past due requires no statement of particulars other than that found upon its face; yet there is no good reason why the law should make any different rule in the two cases. "Particulars" are as necessary in the one case as in the other. Of course, in the case of contingent claims the propriety

of the rule is readily apparent. And very possibly in many other cases when claims are not due. But in a simple, plain, ordinary promissory note, we see no necessity for stating any other particulars than those appearing upon its face.

The Indiana statute requires a "succinct and definite statement of the claim." Under such a requirement, a copy of a promissory note has been repeatedly held to constitute a compliance with the law. (*Wolfe v. Wilsey*, 2 Ind. App. 549.) Yet it would seem that the language of the Indiana statute is fully as broad and explicit as the word "particulars" found in the aforesaid provision of the Code of Civil Procedure. We conclude that this note upon its face gives the "particulars" called for by the statute.

For the foregoing reasons the judgment is reversed and the cause remanded.

Harrison, J., and Van Dyke, J., concurred.