[L. A. No. 896. Department Two.—September 4, 1900.]

DAVID E. GRIFFITH, Appellant, v. M. LEWIN, Administrator of the Estate of John M. Hughes, Deceased, Respondent.

ESTATES OF DECEASED PERSONS—VERIFICATION OF CLAIMS.—A substantial compliance with the requirements of the statute respecting the verification of claims against estates of deceased persons is sufficient.

ID.—RECITALS OF INDEBTEDNESS IN AFFIDAVIT.—Where a claim against the estate of a deceased person contains a copy of the promissory note on which it is founded, and states that no part thereof has been paid, except a specified amount, and that a specified balance is due for principal and interest to a given date, an affidavit thereto reciting that such balance is justly due to the claimant up to such date, that no payments have been made thereon which are not credited, and that there are no offsets to the same to the knowledge of the affiant, is a sufficient compliance with the statute, although the date of the verification is subsequent to the date to which such balance referred.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.  E. P. Unangst, Judge.

The facts are stated in the opinion.

Jones & O'Donnell, and Graves & Graves, for Appellant.

F. A. Dorn, and S. M. Swinnerton, for Respondent.

COOPER, C.—This action was brought to recover $879.90 balance due on a promissory note made by defendant's intestate. Upon the first trial the court below found that the note had been fully paid, and ordered judgment for defendant. This judgment was reversed here upon the ground that the evidence was insufficient to sustain the finding, and the cause was remanded for a new trial. (*Griffith v. Lewin,* 125 Cal. 618.) Upon a retrial the court found that the note has not been paid, and that all the allegations of the amended complaint are true, except the allegation that the claim upon the promissory note was properly presented to the administrator. In regard to the claim the court found that it was presented, giving a correct copy thereof in the findings, but as a conclusion of law found that such claim was insufficient in this, that it was not properly verified. Judgment was accordingly entered for the defendant, and this appeal is from the judgment upon the judgment-roll. The sole question to be determined is the sufficiency of the affidavit to the claim presented to defendant. In the finding, after setting forth a literal copy of the claim, the court finds that the verification was as follows:

"State of California,
County of Contra Costa.  } ss.

"David E. Griffith, being duly sworn, deposes and says that he is the creditor whose foregoing claim is herewith presented to the administrator of the estate of said deceased; that the amount of said claim, to wit, the sum of $849.20, eight and forty-nine 20-100, is justly due to the said claimant, up to Dec. 22, 1895; that no payments have been made thereon which are not credited, and that these are no offsets to the same to the knowledge of said affiant.

"DAVID E. GRIFFITH.

"Subscribed and sworn to before me, this 4th day of January, A. D. 1896.

"[Seal]                SAMUEL BROWN,
"Notary Public, County of Contra Costa."

We think the affidavit was sufficient. A substantial compliance with the statute is all that is required. (*Hall v. Superior Court*, 69 Cal. 79; *Davis v. Browning*, 91 Cal. 604; *Warren v. McGill*, 103 Cal. 155; *Landis v. Woodman*, 126 Cal. 455.)

It is admitted that the affidavit follows the words of the statute, except that the words "up to Dec. 22, 1895," are added after the statement that $849.20 is justly due to said claimant. It is claimed that the words have the effect of making the affidavit state that $849.20 was due December 22, 1895, and that it does not state that anything was due January 4, 1896, when the affidavit was made. There is no merit in this contention. The claim contains a copy of the promissory note, and states that no part thereof has been paid, except $671.75. That the principal and interest due up to December 22, 1895, is $849.20. The words "up to Dec. 22, 1895," evidently refer to the computation in the body of the claim. The language of the verification is in the present tense—that the sum "is justly due" and "that there are no offsets to the same to the knowledge of said affiant."

The judgment should be reversed and the cause remanded to the court below, with directions to enter judgment upon the findings in favor of plaintiff for the amount of said claim, and interest up to the date of judgment.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, and the cause remanded to the court below, with directions to enter judgment upon the findings in favor of plaintiff for the amount of said claim, and interest up to the date of judgment.

Temple, J., Henshaw, J., McFarland, J.