EMPIRE STATE MINING COMPANY, APPELLANT, *v.* MITCHELL, EXECUTRIX, RESPONDENT.

(No. 1,665.)

(Submitted October 10, 1903.    Decided November 2, 1903.)

*Executors and Administrators—Decedents' Estates—Creditors' Claims—Affidavit.*

The provision of Code of Civil Procedure, Section 2604, that the affidavit supporting a claim against a decedent's estate, when made by another than claimant, shall set forth the reason why it is not made by claimant, is satisfied by an affidavit, made by one of claimant's attorneys, stating that claimant is a corporation, and none of its officers except its said attorneys reside in the county.

MR. JUSTICE MILBURN dissenting.

*Appeal from District Court, Deer Lodge County; Frank H. Woody, Judge.*

ACTION by the Empire state Mining Company against Mary E. Mitchell, executrix of Armistead H. Mitchell, deceased. Judgment for defendant. Plaintiff appeals. Reversed.

*Messrs. Cullen, Day & Cullen,* for Appellant.

The authority of an attorney to make an affidavit for his client is presumed, and neither offer nor proof of authority is necessary. (*Miller* v. *Adams,* 52 N. Y. 409.)

An affidavit which shows that the party making it is the agent of the plaintiff is presumptively made in behalf of the plaintiff. (*Smith* v. *Victorin,* 56 N. W. 47; *Sewing Machine Co.* v. *Betting,* 53 Mo. App. 360.)

The failure of the defendant to require any further proof was a waiver of the defect in those produced. (*Shelton* v. *Berry,* 19 Texas, 134, 70 Am. Dec. 326, and cases cited in note.)

The objection that the affidavit was taken before one of the attorneys as notary, is of no force in this state, for the reason that that fact does not disqualify the notary. (*Kuhland* v. *Sedgwick,* 17 Cal. 123; *Revis* v. *Cowell,* 55 Cal. 588; Note to 95 Am. Dec. 378; Code of Civil Procedure, Sec. 2604.)

Section 2603, Code of Civil Procedure, requires the presentation of claims arising upon contracts, and as this is a claim arising from tort, no presentation of it was necessary. (*Hardin* v. *Sinclair,* 47 Pac. 363.)

*Mr. T. J. Walsh,* for Respondent.

Nothing is sworn to in an affidavit except what follows the word "says" or "deposes," and the characterization of the affiant in language preceding these words is mere *descriptio personae.* (*Steinbach* v. *Lease,* 27 Cal. 298; *Ex parte Bank of Monroe,* 7 Hill, 177, 42 Am. Dec. 61; *Cunningham* v. *Goelet,* 4 Denio, 71; *Willis* v. *Lyman,* 22 Texas, 268; *People* v. *Sutherland,* 81 N. Y. 7.)

Whenever a statute requires that an affidavit be made by a person occupying a certain relation,—as, for instance, the agent or attorney of another, or the publisher or printer of a newspaper, the affidavit is fatally defective unless the existence of the relation is sworn to in the affidavit. (*Steinbach* v. *Leese,* 27 Cal. 298; *Miller* v. *Railway Co.,* 58 Wis. 312; *Hill* v.

*Hoover,* 5 Wis. 370; *State* v. *Board of Co. Com'rs,* 5 Nevada, 320; *Ex parte Shumway,* 4 Denio, 258; *White* v. *Miles,* 11 How. Pr. 40; *Wiley* v. *Aultman,* 53 Wis. 560; *Lanigan* v. *Worth,* 63 S. W. 62; *Davis* v. *Huston,* 54 Ind. 272; *Kingsbury* v. *Borland,* 31 N. W. 620; *Bonnet* v. *Hope,* 26 Vt. 685; *Leopold* v. *Silverman,* 7 Mont. 266; *Baker* v. *Power,* 7 Mont. 326.)

The statute permitting an attorney to verify a pleading under certain circumstances, is limited to the particular matter of verifying pleadings.    (*Johnson* v. *Laughlin,* 7 Kan. 359; *Boston* v. *Wright,* 3 Kan. 227.)

MR. COMMISSIONER POORMAN prepared the opinion for the court.

This is an action for damages alleged to have been caused by the decedent, A. H. Mitchell, in wrongfully and forcibly taking from the possession of plaintiff one quartz mill.  Plaintiff filed a claim with the executrix, which was disallowed, a copy of which claim was attached to plaintiff's complaint as a part thereof.  Defendant filed a general demurrer to the complaint, which was sustained, and, plaintiff refusing to amend his complaint, judgment was entered for the defendant for costs.  From this judgment the plaintiff appeals.

The creditor's claim filed against the estate is in the usual form of such claims, and states that the claimant is a foreign corporation.  The name of the corporation appears in the body of the claim, and is signed thereto as follows:  "Empire State Mining Company, by Cullen Day & Cullen, Its Attorneys, Claimant."  The affidavit thereto is the following:

"State of Montana, County of Lewis and Clarke—ss.  E. C. Day, one of the attorneys for the Empire State Mining Company, whose foregoing claim is herewith presented to the executrix of the last will and testament of the said deceased, being duly sworn, says: That the Empire State Mining Company is a corporation, and none of its officers except its said attorneys reside within the County of Lewis and Clarke, State of Montana, wherein its said attorneys reside, and that the amount

thereof, to-wit: the sum of ten thousand dollars, is justly due to said claimant; that no payments have been made thereon which are not credited, and that there are no offsets to the same to the knowledge of said affiant.    E. C. Day.

"Subscribed and sworn to before me this 13th day of September, 1899.    W. E. Cullen, Jr., Notary Public in and for Lewis and Clarke County, State of Montana.    [Notarial Seal.]"

It is claimed by respondent that this affidavit is fatally defective.    Section 2604, Code of Civil Procedure, provides that every claim which is due, when presented to the executor or administrator, must be supported by the affidavit of the claimant, or some one in his behalf:    (1) That the amount is justly due; (2) that no payments have been made thereon which are not credited; and (3) that there are no offsets to the same to the knowledge of affiant.    If the claim be not due when presented, or be contingent, (4) the particulars of such claim must be stated.    When the affidavit is made by a person other than the claimant, he must set forth in the affidavit (5) the reason why it is not made by the claimant.    The oath may be taken before any officer authorized to administer oaths.    The executor or administrator may also require satisfactory vouchers or proofs to be produced in support of the claim.    Section 2609, Code of Civil Procedure, provides that when a claim is presented to a judge for his allowance he may, in his discretion, examine the claimant and others on oath, and hear any legal evidence touching the validity of the claim.

This claim, if a claim at all, was due when presented, and was not contingent.    The fourth requirement does not, therefore, apply.    This affidavit complies directly with all the other specific requirements of the section, except the fifth, and whether it meets this requirement must be gathered from the portion of the statement made by affiant under oath, omitting the recital preceding the word "says."    Under a strict construction of this section, this omission would be fatal.    It will be noticed that the section does not, in specific terms, require the relationship between the affiant and the claimant to be stated.    It is further

proper to note that the claimant herein is a corporation, which can act only through its officers and agents.

These sections of our Code were copied from the laws of California, and the supreme court of that state, in *Griffith* v. *Lewin,* 129 Cal. 596, 62 Pac. 172, says, with reference to the sufficiency of an affidavit to a creditor's claim, "A substantial compliance with the statute is all that is required"; citing *Hall* v. *Superior Court,* 69 Cal. 79, 10 Pac. 257; *Davis* v. *Browning,* 91 Cal. 604, 27 Pac. 937; *Warren* v. *McGill,* 103 Cal. 155, 37 Pac. 144; *Landis* v. *Woodman,* 126 Cal. 455, 58 Pac. 857.

In *In re Estate of Swain,* 67 Cal. 637, 8 Pac. 497, this language is used: "The affidavits verifying these claims were irregular. Each was made by a person, other than the claimant, styling himself as 'agent and attorney of the claimant.' In one no reason is stated why the affidavit was not made by the claimant. In neither does the affiant state that there were no payments or offsets to the claim, except what are credited, to his own knowledge; although it is stated that there were no payments or offsets against the claimant to the knowledge of the claimants. These omissions made the verifications of the claims defective. *   *   * But, although neither of the claims was verified in all particulars as required by law, and the statement of each is not as clear as it might have been, we think each was substantially sufficient for presentation and allowance under the law."

In *Hanna* v. *Fisher,* 95 Ind. 383, the court says: "The affidavit was made by Alfred Fisher, but it is not stated that he was the agent or attorney of the claimant, and it is insisted that it is, therefore, insufficient, and that the appellee is bound for all costs. The statute provides that the affidavit shall be filed by the claimant, his agent or attorney, but it does not provide that the relationship of affiant shall be stated. The object of the statute is to secure a verification of the claim, and when the claim is verified we do not feel satisfied that the failure to state in the affidavit that the person who made it was the agent or

attorney of the claimant should cast upon the latter the burden of costs."

Respondent cites *Cope* v. *Minnesota Type Foundry Co.*, 20 Mont. 67, 49 Pac. 387, and insists that the construction given the law relative to the affidavit to a chattel mortgage should govern in this case. The office to be performed by an instrument is proper to take into account in construing the law relating thereto. Chattel mortgages are purely statutory. They had no existence at the common law, and are in derogation thereof. The law which provides for them also provides that they are void as to certain third persons, unless the proper affidavit is made thereto. The affidavit gives vitality to the mortgage as to creditors and subsequent purchasers; and as to them it has, in effect, no existence without the affidavit. A valid mortgage segregates the property of the mortgagor from the claims of all creditors except the mortgagee. Third persons cannot require vouchers or proofs to be produced, or examine the parties under oath.

Creditors' claims against an estate are not in derogation of common law. They are not created by statute, but arise from the relations or business transactions of the parties. They were valid subsisting claims prior to the death of decedent. Their presentation to the estate is only a procedure. The affidavit is only a verification. The administrator or executor may "require satisfactory vouchers or proofs to be produced in support of all the claims." The judge "may * * * examine the claimant and others on oath, and hear any legal evidence touching the validity of the claim." As was stated in *Landis* v. *Woodman, supra,* "the administrator or executor may investigate to the lowest dregs the validity and honesty of all claims."

It is apparent from the affidavit itself that affiant did not verify this claim in his own behalf. We think it also apparent that the verification was made in behalf of the claimant corporation for the reason that the officers of the corporation were absent.

While this affidavit is not a model to be recommended, yet

under the liberal construction given to this law, taking into account the purpose to be subserved by the affidavit, we conclude that the affidavit to this claim, under all the circumstances, sufficiently complies with the law.

It is further claimed by appellant that, this being a demand arising out of tort, it is not necessary that any claim be filed with the executor prior to the bringing of suit; but, inasmuch as the claim filed sufficiently complies with the law, it is unnecessary to consider this question.

·We recommend that the judgment in this cause be reversed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment appealed from is reversed, and the cause remanded.

MR. JUSTICE MILBURN dissenting.

