WESTINGHOUSE ELECTRIC & MFG. CO. v. ROBISON.

No. 3723.   Opinion Filed August 25, 1914.

(142 Pac. 1105.)

1.   EXECUTORS AND ADMINISTRATORS—Claims Against Estate —Sufficiency of Affidavit.   Under section 5278, Comp. Laws 1909 (Rev. Laws 1910, sec. 6339), requiring creditors, when they file their claims against a decedent's estate, to file an affidavit stating that the amount is justly due; that no payments have been made thereon which are not credited; that there are no offsets to the same to the knowledge of the claimant or affiant, and when made by a person other than claimant, to set forth the reason therefor—an affidavit filed by the claimant, which recites that the claim, to the best of affiant's knowledge and belief, is just, due, and unpaid, and that there are no offsets or credits against the same is a substantial compliance with said section.

2.   SAME—Affidavit—Statement of Reasons—Sufficiency.   The provisions of section 5278, supra, that the affidavit supporting a claim against a decedent's estate, when made by a person other than the claimant, must set forth in the affidavit the reason why it is not made by claimant, is satisfied by an affidavit that the affiant is one of the attorneys for claimant, who is a nonresident of the state of Oklahoma, and not now within the state to verify the correctness of the claim.

3.   SAME—Disputed Claims—Appeal—Mandate—Subsequent Proceedings—Rendition of Judgment.   Where, in an action on a claim against an estate, the only question contested is the sufficiency of the verification of the claim, and this court having held that the verification is sufficient, and set aside the judgment appealed from, it is the duty of the court to render judgment under section 5258, Rev. Laws 1910, against such estate.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by the Westinghouse Electric & Manufacturing Company, against Frank Robison, administrator.   Judgment for defendant, and plaintiff brings error.   Reversed and rendered.

*Keaton, Wells & Johnston,* for plaintiff in error.

*J. B. Moore* and *J. A. Bass,* for defendant in error.

Opinion by RITTENHOUSE, C.   In September, 1908, the receivers of Westinghouse Electric & Manufacturing Company

entered into a written contract with the Ardmore Traction Company for the purchase of certain material in connection with the street railway at Ardmore, Okla., and Joe F. Robison, now deceased, guaranteed in writing the faithful performance of all the terms of the contract. The Ardmore Traction Company defaulted in the sum of $728.09 under the contract, and in September, 1910, the plaintiff filed with Frank Robison, the administrator of the estate of Joe F. Robison, deceased, a claim for the amount due under the written guaranty, which was disallowed. The affidavit in support of the claim, omitting caption, is as follows:

"I, J. F. Bledsoe, being sworn, on oath, state that I am one of the attorneys for Westinghouse Electric & Manufacturing Company of Pittsburg, Pa., a nonresident of the state of Oklahoma; that the claim attached hereto against Joe F. Robison, amounting to seven hundred twenty-eight dollars and nine cents ($728.09) arose under a contract between the Westinghouse Electric & Manufacturing Company and T. H. Given, H. S. A. Stewart, and E. M. Herr, receivers, of Pittsburg, Pa., and the Ardmore Traction Company, a copy of said contract being attached to the claim and marked 'Exhibit A'; that said claim is to the best of my knowledge and belief, just, due, and unpaid, and there are no offsets or credits against the same. This affidavit is made by me for the reason that claimant is a nonresident of the state of Oklahoma and not within the state to verify the correctness of said claim.

"J. F. BLEDSOE.

"Subscribed and sworn to before me this the 21st day of September, 1910."

This action was brought to recover $728.09, the amount admitted to be due by the Ardmore Traction Company. The defense was that the claim was not properly verified in these particulars: (1) That the affidavit was verified on information and belief; (2) that the fact that the claimant is a nonresident of the state does not confer the right upon its attorney to make the affidavit.

Section 5278, Comp. Laws 1909 (section 6339, Rev. Laws 1910), requires that:

"Every claim which is due when presented to the administrator must be supported by the affidavit of the claimant or some

one in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the claimant or affiant. If the claim be not due when presented, or be contingent, the particulars of such claim must be stated. When the affidavit is made by a person other than the claimant, he must set forth in the affidavit the reason why it is not made by claimant. The executor or administrator may also require satisfactory vouchers or proofs to be produced in support of the claim. If the estate is insolvent, no greater rate of interest shall be allowed upon any claim, after the first publication of notice to creditors, than is allowed by law on judgments obtained in the district court."

Does the affidavit substantially comply with the requirements of this section? The affidavit states that affiant was one of the attorneys for plaintiff, and it was made by the attorney for the reason that claimant was a nonresident of the state, and not at that time within the state; that the claim arose under a written contract between plaintiff and the Ardmore Traction Company in which Robison was guarantor, and attached to the affidavit were full and complete copies of the written contract and guaranty, together with an itemized statement of the account, credits given, amount due, and correspondence from the Ardmore Traction Company, admitting the amount due to be correct; and that the claim to the best of affiant's knowledge and belief was just, due, and unpaid, and that there were no offsets or credits against the same.

The only question presented to the trial court was the sufficiency of this affidavit, and the court found that the affidavit verifying the claim presented to the administrator, and which was attached to the petition in this action, was not a sufficient verification to entitle the plaintiff to have its claim allowed against the estate of Joe F. Robison, deceased. In this the court erred. The claim presented was a valid claim against the estate; no question was urged against its validity, other than the form of verification. The presentation and verification of the claim is only a procedure in the settlement of the estate, and a substantial compliance with section 5278, supra, is all that is re-

quired. Ample protection is afforded by this section against the allowance of illegal claims, in that provision is made that the administrator may require satisfactory vouchers or proof to be produced in support of the claim if he is dissatisfied. No such request was made. Under section 5281, Comp. Laws 1909 (Rev. Laws 1910, sec. 6342), provision is further made to protect the estate by requiring that, after the allowance or rejection of the claim by the administrator, it must be presented to the judge for his approval, who must indorse upon it his allowance or rejection. Thus it will be seen ample protection is given the estate against the allowance of illegal claims, and the same strictness would not be required in verifying such claims as is required in obtaining jurisdiction under an affidavit for service by publication, and therefore the cases cited by defendant are not in point. There is no contention that the claim under consideration is illegal; in fact no defense was made on the merits, the only question being the sufficiency of the verification. Section 5278, *supra*, provides that a claim against an estate must be supported by an affidavit of the claimant, or some one in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same to the knowledge of the claimant or affiant. Under the facts in this case, we think that the claim was sufficiently verified; affiant attached to the claim the written contract, the written guarantee, itemized statement of all the items purchased and credits given, which were admitted to be true by the correspondence of the Ardmore Traction Company, and then took oath that from the knowledge derived from these facts, the claim was, to the best of his knowledge and belief, just, due, and unpaid, and that there were no offsets or credits against the same. This, we think, was a substantial compliance with the statute, which is all that is required.

The California court in passing upon the matter of presenting the claim to the administrator, in *Re Estate of Swain, Deceased,* 67 Cal. 637, 8 Pac. 497, said:

"The next contention is that the statement of each of the other claims is insufficient to constitute a cause of action, or of

claim, against the estate, that the statement of each is also ambiguous and unintelligible, and that the claims themselves were not authenticated according to law. The affidavits verifying these claims were irregular. Each was made by a person other than the claimant, styling himself as 'agent and attorney of the claimant.' In one no reason is stated why the affidavit was not made by the claimant. *In neither does the affiant state there were no payments or offsets to the claim, except what is credited to his own knowledge* (italics ours), although it is stated that there were no payments or offsets against the claims to the knowledge of the claimants. These omissions made the verifications of the claims defective. And the statement of each claim is not free from ambiguity. Each is founded upon an alleged balance due on an account current, in which interest at a higher rate than is legally allowable in matters of account is computed on the debit and credit sides of the account, according to some commercial rule of computation which does not appear in the statement. But, although neither of the claims was verified in all particulars as required by law, and the statement of each is not as clear as it might have been, we think each was substantially sufficient for presentation and allowance under the law. The term, 'claim,' as used in connection with the estates of deceased persons, has reference, says Mr. Justice Field, in *Fallon v. Butler,* 21 Cal. 25 [81 Am. Dec. 140], to such debts or demands against the decedent as might have been enforced against him in his lifetime by personal actions for the recovery of money and upon which a money judgment could have been rendered. A balance struck upon an account between parties is such a demand as would constitute a sufficient cause of action."

See, also, Ross on Probate Law and Practice, sec. 340; *Davis v. Browning,* 91 Cal. 603, 27 Pac. 937; *Warren v. McGill,* 103 Cal. 153, 37 Pac. 144; *Griffith v. Lewin,* 129 Cal. 596, 62 Pac. 172; *Hall v. Superior Court and City of San Francisco,* 69 Cal. 79, 10 Pac. 257; *Landis v. Woodman,* 126 Cal. 454, 58 Pac. 857.

The affidavit contained the statement that J. F. Bledsoe was one of the attorneys for the claimant, and that the affidavit was made by him for the reason that claimant was a nonresident and not within the state to verify the correctness of the claim. This was a sufficient reason in order to comply with that portion of section 5278, *supra,* which provides that when the affidavit is made by a person other than the claimant, he must set forth in

the affidavit the reason why it is not made by claimant. This question has been construed in Montana under an identical statute, wherein it was held in *Empire State Mining Co. v. Mitchell,* 29 Mont. 55, 74 Pac. 81:

"The provision of Code Civ. Proc. sec. 2604, that the affidavit supporting a claim against a decedent's estate, when made by another than claimant, shall set forth the reason why it is not made by claimant, is satisfied by an affidavit, made by one of claimant's attorneys, stating that claimant is a corporation, and none of its officers except its said attorneys reside in the county." (*Maier Pkg. Co. v. Frey* [5 Cal. App. 80], 89 Pac. 875; *In re Estate of Swain* [67 Cal. 637], 8 Pac. 497.)

The verification of the claim being sufficient, and no other questions being raised, the judgment appealed from is vacated, set aside, and held for naught, and under authority of section 5258, Rev. Laws 1910, it is ordered and adjudged that the Westinghouse Electric & Manufacturing Company do have and recover of and from Frank Robison, administrator of the estate of Joe F. Robison, deceased, on the account sued on, the sum of $728.09 and costs.

The cause should therefore be reversed, and judgment rendered.

By the Court: It is so ordered.