## GILMORE v. GILMORE.

(District Court, D. Montana. January 18, 1921.)

No. 299.

1. **Affidavits ☞12—Jurat controls inconsistent formal venue.**

An affidavit in support of a claim against the executrix in which the formal venue statement was inconsistent with the notary's signature and official description as of another state, and his seal imprint to the same effect, is sufficient, since variance between the formal venue and jurat is not fatal, but will be resolved in favor of the latter in view of the fact that the formal venue is a draftsman's act, while the jurat is an officer's certificate.

2. **Executors and administrators ☞227 (5)—Affidavit of claim is amendable.**

An affidavit in support of a claim against an executrix is subject to amendment and to proof aliunde at trial.

3. **Executors and administrators ☞437 (7)—Second presentation of claim does not remove bar of limitations.**

The rejection of the first sufficient presentation of a claim to an executrix sets in motion the statutory three months' period of limitations against an action thereon, and no subsequent presentation of the claim starts that period running afresh.

4. **Executors and administrators ☞437 (7)—Limitation runs from rejection of second effective presentation of claim.**

Where the first presentation of a claim to an executrix is invalid. and the second presentation is valid, an action commenced within three months after the second rejection is within time.

5. **Limitation of actions ☞130 (5)—Time not extended for second action commenced before dismissal of first.**

Rev. Codes Mont. § 6464, allowing a new action within one year after the termination of the first action by dismissal for want of jurisdiction, does not apply to a second action commenced before, and not after the termination of the first action by such dismissal.

6. **Limitation of actions ☞130 (2)—Extension of time for further action after dismissal applies to action on claim against executrix.**

Rev. Codes Mont. § 6464, authorizing a new action within one year after the termination of the first action, applies to action on claims against executrix, though such actions are limited by section 7530, which is a special probate statute, and are not subject to the general statute of limitations.

7. **Limitations of actions ☞130 (7)—Dismissal for want of jurisdiction does not show action was not in proper court.**

The fact that the first action brought against an executrix after rejection of a claim was dismissed for want of jurisdiction to determine the merits does not establish that the action was not brought in a proper court as required by Rev. Codes Mont. § 7530, and does not prevent a new action within one year after such dismissal under section 6464.

8. **Husband and wife ☞43—Delivery of money to husband presumed loan or trust.**

Under Rev. Codes Mont. §§ 3694, 3700, 5381, allowing a married woman to retain her separate property, making transactions between her and her husband subject to the rules of confidential relations and trusts, and creating a presumption that transactions between a trustee and a beneficiary are secured by undue influence and without consideration, the law presumes that the delivery by a married woman to her husband of two cashier's checks owned by her, which he cashed, were trusts or loans.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**9. Witnesses ⊙182—Wife's testimony of loan held competent to prevent injustice.**

In an action against an executrix, the wife of decedent can testify, to prevent injustice, that the delivery by her to her husband of two certified checks was a loan under Laws Mont. 1913, c. 41, § 1, providing that a party cannot be a witness as to direct transactions with deceased unless it appears that without the testimony of the witness injustice will be done.

At Law. Action by Emma Gilmore against Mary Osborne Gilmore, executrix. On trial to the court. Judgment for defendant.

John A. Shelton, of Butte, Mont., for plaintiff.
Nolan & Donovan, of Butte, Mont., for defendant.

BOURQUIN, District Judge. [1] This case tried to the court is the second action herein upon a claim of loan to defendant's testator, thrice presented by plaintiff to defendant in this state, wherein the estate is in administration, and thrice rejected without assigned reason. The issues are the fact of loan and limitations, the latter dependent upon the date of sufficient presentation and timely suit thereafter. The formal venue to the statutory affidavit attached to the first presentation is "State of Montana, County of Silver Bow." There is no statement where executed, but the notary's signature is followed by his official description as of the state of Washington and his seal imprint is likewise. Contrary to plaintiff's contention, it is believed that, in view of the office of the affidavit and in the circumstances, the affidavit is sufficient to render the presentation valid.

Amongst the authorities the better rule appears to be that variance between the formal venue and jurat is not fatal and will be resolved in favor of the latter as the place of execution. The formal venue is but a draftsman's act, perhaps by another than the officer, and long before and at a different place than that of contemplated or actual execution, and for which the officer is not responsible. The jurat, however, is the officer's certificate that the execution was before him and in performance within his jurisdiction of his official duty, for which the officer is responsible. The former easily and often escapes notice and is erroneous. The latter, hardly and seldom. It commands attention and warns at execution. And the seal makes no mistake. As the officer is not responsible for formal venue, but is for jurat, some presumption of official regularity attends the latter. See cases 2 C. Jur. 346, 363; Grafton Hotel Co. v. Walsh, 228 Fed. 11, 142 C. C. A. 461.

[2] Furthermore, such affidavits are subject to amendment and proof aliunde at trial. See 2 C. Jur. 369; 18 Cyc. 485, 491; Herbst, etc., Co. v. Hogan, 16 Mont. 388, 41 Pac. 135; Empire, etc., Co. v. Mitchell, 29 Mont. 59, 74 Pac. 81.

Perhaps, too, the variance, in so far as a defect, is waived by failure to specifically object when rejecting the claim.

The first action not having been commenced within the statutory three months after rejection of the first presentation, it and any action are barred.

[3] The first sufficient presentation rejected sets in motion this three months' limitation, and no subsequent presentation interrupts limitation and starts it afresh.

[4] Assuming, however, that the first presentation is invalid, the second presentation is unquestioned and valid. The first action, commenced within three months after the second rejection, is in time.

[5] But this first action was dismissed herein for want of jurisdictional amount due, and the instant action was commenced more than three months after said second rejection, so out of time and is barred.

Plaintiff seeks to save the situation by appeal to section 6464, R. C. Montana, that when an action is terminated as was said first action, a new action may be commenced "within one year after such termination." Unfortunately her second action was commenced before, and not after, the termination of her first action, and so is not within section 6464. See Missouri, etc., Co. v. Quinn, 172 Mo. 563, 73 S. W. 184. When brought, the second and instant action was barred, and subsequent dismissal of the first action does not change fact or law. The second action is as fatally premature as though brought before due or before claim presented.

[6, 7] In brief note of defendant's contention that the statute of limitations of suits upon rejected claims (section 7530, R. C. Montana) is special probate, and not subject to the general statute (section 6464) authorizing a new action, it is observed they are not inconsistent, the former indicates no sole and exclusive rule, and the reason, intent, and object of the latter is as applicable to suits upon rejected claims as it is to other actions. Likewise, of defendant's further contention that, as the first action was in a court without jurisdiction to determine the merits, it was not "in the proper court" as provided by section 7530, supra, and so affords no basis for a new and the instant action within section 6464. All actions for that matter must be brought "in the proper court," and, though dismissed for want of jurisdiction, a new action timely within section 6464 can be maintained. See cases 25 Cyc. 1319.

In fact, the words "in the proper court" in section 7530 are but a vestigal survival of the same statute in territorial days, when probate courts were separate from District Courts, and were precautionary to the end that suits on rejected claims be not brought in the probate court, but in the District Court, which alone had jurisdiction.

In view of possible proceedings in error, it is proper to note that but for limitations plaintiff would be entitled to recover.

[8] It appears that in 1915 and 1917 plaintiff and deceased were wife and husband. She owned two cashier's checks of $1,000 each, and after her indorsement he received and cashed them. Over objection, she testified the transactions were loans. Defendant is silent thereon. Aside from her testimony, the law presumes the transactions are trusts or loans.

The local statutes (sections 3700, 3694, 5381, R. C.) are that a married woman retains her separate property, that the transactions between her and her husband are subject to the rules of confidential relations and trusts, and that a trustee in transactions with the beneficiary is presumed to have done so by undue influence and without sufficient

consideration. And see Stickney v. Stickney, 131 U. S. 239, 9 Sup. Ct. 677, 33 L. Ed. 136; In re Remmerde (D. C.) 206 Fed. 830.

[9] Her testimony is competent to arrive at the nature of the transaction, whether loan or trust. Section 1, 13th Sess. Montana, p. 57, in exception to qualification of witnesses, provides that a party like plaintiff herein cannot be a witness "as to the facts of direct transactions * * * between the proposed witness and the deceased, excepting * * * when it appears to the court that without the testimony of the witness injustice will be done."

The writer drafted said section when first enacted in 1909, and the last clause was taken from the statutes of New Hampshire. It is so variant otherwise from said statutes that the construction of the latter is not controlling.

At the same time the evidence herein sanctions plaintiff's testimony within said construction. See Howie v. Legro (N. H.) 99 Atl. 650.

It is needless to discuss plaintiff's credibility and the situation if her testimony be rejected for any reason:

For, as before appears, the action is barred, the decision is for defendant, and judgment will be entered accordingly.