**MUNGER, Ex'x, v. COATES et al.**

No. 17604.    Opinion Filed Nov. 22, 1927.

Rehearing Denied Jan. 31, 1928.

(Syllabus.)

1. **Usury—Action by or Against Legal Representative of Deceased Party.**

Section 5098, C. O. S. 1921, authorizing the recovery of usurious interest, charged or collected, applies only as between the original parties to a usurious contract, but any action thereunder may be maintained by or against the legal representative of either deceased party.

2. **Executors and Administrators—Presentation of Claims—Sufficiency of Form.**

A claim required to be presented to the administrator or executor of the estate of a decedent under section 1235, C. O. S. 1921, need not be in any particular form. If it advises the administrator or executor of the nature of the claim and the amount demanded and shows enough to bar another action for the same demand, it is sufficient.

Error from District Court, Oklahoma County; J. B. Dudley, Special Judge.

Action by J. S. Coates and Ella S. Coates against Fannie O. Munger, executrix of the estate of George H. Rumrill, deceased. Judgment for plaintiffs, and defendant appeals. Affirmed.

George A. Fitzsimmons, for plaintiff in error.

W. A. Smith and A. Gray Gilmer, for defendants in error.

PHELPS, J.  J. S. Coates and Ella Coates, defendants in error, brought suit in the district court of Oklahoma county against Fannie O. Munger, executrix of the estate of George H. Rumrill, deceased, to recover usury paid to said Rumrill, and from a judgment in their favor this appeal is prosecuted.

Although we are unable to agree with counsel for plaintiff in error, we commend him for the exhaustive and painstaking manner in which he has briefed his contentions, the first of which is that plaintiffs, defendants in error here, cannot under either the constitutional or statutory provision of our law maintain their action for usury against the legal representative of deceased.

Section 3 of article 14 of the Constitution of Oklahoma, which constitutes the foundation of our usury laws, does not specifically provide that an action for usury may be maintained against the legal representative of the person, firm, or corporation taking or receiving the same, neither does section 5098, C. O. S. 1921, so provide, and it is the contention of counsel for plaintiff in error that, since neither the Constitution nor the statute specifically authorizes an action against the legal representative of a deceased person, such action is purely personal and cannot be maintained. Counsel cites and relies upon First State Bank of Pond Creek v. Bank of Jefferson, 112 Okla. 177, 240 Pac. 311, but, as we view it, this authority does not support his contention. In that case the purchaser of the assets of a bankrupt who was alleged to have paid usury attempted to maintain an action to recover the same, and, in the first paragraph of the syllabus, this court said:

"The provision of our statute (section 5098, Comp. Stat. 1921) authorizing the recovery of usurious interest, charged or collected, applies alone as between the original parties to a usurious contract or their legal representative, and does not apply to parties who were not parties to such contract."

It will thus be seen that this authority, at least by implication, lays down the contrary rule to that contended for by counsel for

plaintiff in error. While neither section 3 of article 14 of the Constitution nor section 5098, C. O. S. 1921, specifically provides that an action for usury may be maintained against the legal representative of the person, firm, or corporation receiving the same, yet they do provide that the legal representative of a person paying usury may maintain an action for the recovery thereof, and we cannot agree that an action for the recovery of usury may not be maintained against the administrator or executor of the estate of the person who receives such usury.

It is further contended by counsel for plaintiff in error that, because of irregularities in the claim presented to plaintiff in error as a prerequisite to filing suit, it amounted to no claim at all, and, therefore, suit could not be maintained until a proper claim against the estate of decedent had been filed with plaintiff in error. The trial court, however, made a specific finding that the claim, bill, and demand for the return of the usury, when considered together, constituted a sufficient compliance with the statute, and an examination of these instruments convinces us that this assignment of error is not well taken when considered in the light of the rule laid down in Westinghouse v. Robison, 42 Okla. 754, 142 Pac. 1105, and Hamilton v. Blakeney, 65 Okla. 154, 165 Pac. 141.

In the last above cited case, in the body of the opinion, the following observation is made:

"Under our statutes the executor might have required vouchers or proofs of the claim presented to be produced; not having done so, he cannot object to the sufficiency of the claim as a foundation for this action. * * *"

In addition to the usurious interest recovered in the trial court by defendants in error, the court permitted a recovery of $150 as a reasonable attorney's fee to be taxed as costs, and this is assigned as error, plaintiff in error claiming that, inasmuch as the note forming the basis of this action was dated January 21 1909, and prior to the passage of the act of the Legislature permitting the court to tax an attorney's fee as costs, the sole remedy is found in section 3 of article 14 of the Constitution. However, under the holding of this court in Myer v. Hogan, 79 Okla. 233, 192 Pac. 811, this assignment of error is not well taken.

In the body of that opinion we find the following language:

"But the procedure for enforcing the penalty imposed by section 3 of article 14 of the Constitution has been changed, and the new procedure provided for is applicable to all cases, without regard to the date of the contract."

It will, therefore, be observed that, while the Constitution did not provide for taxing an attorney's fee as part of the costs at the time the note was given, the statute did so provide long prior to the time defendants in error sought to enforce their remedy.

We, therefore, reach the conclusion that, no prejudicial error appearing in the record, the judgment of the trial court is in all things affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 39 Cyc. pp. 1035, 1038. (2) 24 C. J. p. 349, §986; 11 R. C. L. p. 194; 2 R. C. L. Supp. p. 1221; 4 R. C. L. Supp. p. 703; 5 R. C. L. Supp. p. 602; 6 R. C. L. Supp. p. 655.