### MICKLE *et al.* vs. SANCHEZ.

The plaintiffs held certain security on real estate for the payment of an indebtedness of M. to them, but gave up and cancelled such security upon B. executing a bond in their favor, the condition of which was that B. should pay to the plaintiffs such amount, not exceeding $4000, as should be found due to them from M. after the sale of certain goods *and the winding up of the accounts of M. with the plaintiffs*, the payment of which bond was guaranteed by the defendant *under the same conditions expressed therein; Held*, in an action on the defendant's guaranty, that the want of an averment in the complaint of the *winding up of the accounts of the plaintiffs with M.*, or any averment equivalent thereto, rendered the complaint substantially defective, and judgment was given for the defendant on demurrer to the complaint.

A written contract must be construed so as to give effect, if possible, to all parts of it. *Per* BENNETT, J.

APPEAL from the superior court of the city of San Francisco. A demurrer was filed to the complaint, and the cause was heard and decided in the superior court upon the demurrer, and judgment rendered thereon in favor of the plaintiffs. The case, without the formality of a regular appeal, was submitted to this court by stipulation of the respective attorneys, under the agreement that the decision of the court upon the question presented by the demurrer should be final.

*Alexander Campbell*, for plaintiffs.

*John Chetwood*, for defendant.

*By the Court*, BENNETT, J.　The papers show that one Maiben of Valparaiso was indebted to the plaintiffs, a firm doing business at San Francisco under the name of E. Mickle & Co. in the sum of $3000 for commissions, and to the firm of Mickle &

Co. of Valparaiso, the correspondents of the plaintiffs, in the further sum of $6000. The plaintiffs had, in their hands, goods consigned to them by Maiben of the value of $5514,50, at the market value, over and above all probable charges and commissions thereon. To secure the indebtedness of $6000 to the house of Mickle & Co. of Valparaiso, one Bernardino Sanchez executed a bond to the plaintiffs in the penal sum of $12,000, conditioned, that, if, upon the receipt of a letter from the firm of Mickle & Co. it should appear that Maiben had paid such indebtedness, the bond should be void, otherwise to remain in force.

On the 20th of May 1850, the letter mentioned in the bond was received, wherein it appeared that Maiben was indebted to the firm of Mickle & Co. in the sum of $6514,50. It further appeared from such letter that Maiben had become insolvent and was unable to pay his debts, but there is no averment of his insolvency in the declaration.

After the receipt of this letter and on the 23d day of May 1850, an arrangement was made between the plaintiffs and Bernardino Sanchez in pursuance of which the above mentioned bond was taken up and a new one executed in the penal sum of $4000. The condition of this latter bond was, that if, on the sale of the balance of the goods in the hands of the plaintiffs, and *the subsequent winding up of the accounts of Maiben with them,* the nett proceeds should be sufficient to cancel the indebtedness of Maiben to the plaintiffs, and to the house of Mickle & Co. of Valparaiso, the obligation was to be void.

On the 27th day of June 1850, the defendant guaranteed the payment of the last mentioned bond, *under the same conditions expressed therein.* The goods in the hands of the plaintiffs were destroyed by fire without any fault or negligence on their part; and this we shall consider, for the purpose of deciding upon the demurrer, as equivalent to a sale of them at their estimated value.

It is unnecessary to determine whether the undertaking of the defendant is void under the statute of frauds, as we think the demurrer must be sustained on other grounds. The defend-

Mickle *v.* Sanchez.

ant made himself liable to pay the balance, not exceeding $4000, which should be found due *after the winding up of the accounts of Maiben with the plaintiffs.* The bond containing this condition was executed after it had been ascertained that Maiben was insolvent, and it contemplates some farther statement and settlement of accounts between him and the plaintiffs than had, at that time, taken place. Though Maiben was insolvent, it may well be that his estate would be sufficient to pay a dividend to some extent upon his indebtedness, and that thus a portion of the debt which the defendant assumed to pay, would be cancelled. The most reasonable construction which we can give to this clause is the following. Maiben, a known insolvent, is indebted to the plaintiffs in a certain sum. The defendant assumes that indebtedness to the amount of $4000, provided, on the settlement of the estate of Maiben, and the payment to the plaintiffs of such dividend out of the estate as they shall be found entitled to, there shall still remain that sum due from Maiben. Whether this be the correct construction, or whether it be, that the parties merely contemplated, after the sale of the goods, a statement of accounts between the plaintiffs and Maiben, and ascertaining the balance due, it is manifest that something is required beyond the sale of the goods. Otherwise, the clause is senseless, and the condition would mean the same without it, as it means with it. But we must construe the instrument so as to give effect, if possible, to all parts of it. Whatever may be the true meaning, there is no averment by the plaintiffs of " the subsequent winding up of the accounts of " Maiben with them," nor any thing which can be deemed equivalent to such averment ; and without this, we think the complaint substantially defective.

Judgment must be rendered on the demurrer in favor of the defendant.

Ordered accordingly.