### REED VS. HARVEY.

The rule that requires a defendant to make his defence at law, by the presentation of every fact of defence existing at the time of the trial, has no application to a case where the defendant was not privy to the fact, and could not have supposed it to exist.

*Appeal from Ashley Circuit Court in Chancery.*

Hon. JOHN C. MURRAY, Circuit Judge.

JOHNSTON for the appellant.

If it appear that a defendant was ignorant of important

facts material to his defence, upon the trial at law, and which he could not have discovered and availed himself of, by due diligence, at the time of the trial, a court of equity will grant relief. *Hempstead et. al. vs. Watkins*, 1 *Eng.* 368.

GARLAND & RANDOLPH for the appellee.

We insist it was the duty of the appellant to have known that Sumner had made the payment, and to have questioned him on that point, and thus have placed the fact before the court. In order to have a verdict or judgment set aside by a court of equity, because the party was not able to avail himself of a legal defence, he must show that his inability did not arise from his own default or negligence. 3 *Johns. Ch.* 351; *Saxton* 113; 6 *Paige Ch.* 622; *Will. Eq. Jur.* 351; 2 *Story's Eq. Jur.*, secs. 895, 896; 9 *Ala.* 121.

Mr Justice FAIRCHILD delivered the opinion of the Court.

Harvey sued Reed for services as an attorney in the settlement of a guardianship. John Sumner was also interested in the distribution of the property in the hands of the guardian, and had become liable with Reed to pay for the professional services of Harvey. At the trial, Sumner was put on the stand as a witness for Harvey, but just before going up to testify, he paid to Harvey five hundred dollars, which was the amount Sumner and Reed were to pay, and which was the debt for the recovery of which Harvey was prosecuting his suit against Reed. Reed did not know of the payment till after judgment was rendered against him, had no means of knowing it.

When Harvey endeavored to collect his judgment, Reed filed his bill setting forth the foregoing as its allegations, and asked that Harvey be enjoined from collecting his judgment. Harvey demurred to the bill on the ground that Reed should have made the payment by Sumner, a defence to the legal suit.

The principle on which the demurrer rests, may be conceded to be good, when it has a proper application; as ordinarily, a party sued in a court of competent jurisdiction, should make

his defence by a presentation of every fact existing at the time of the trial, and cannot obtain compensation in equity for what he has failed to prove at law. But Reed is not charged with a knowledge of Sumner's acts; Sumner was not his witness; he did not know that Harvey had been paid for what he was suing; he was not obliged to take notice of what had previously transpired between Sumner and Harvey, just before Sumner testified. Whatever might have passed between Harvey and Reed that was proper for a legal defence, the latter would have been obliged to have proved on the trial at law; or to show a reason for relief by reason of accident, or upon some ground of equitable interference, but that did not require Reed to prove a fact of defence to which he was not privy, and which he could not have supposed to exist.

A defence admitting the existence of such facts as are alleged in the bill is not entitled to much favor, whatever might have been the foundation of the indebtedness, for the double collection of any debt is not to be encouraged. But that services rendered in the exercise of the profession of the law should be the subject of such allegations, is greatly to be regretted, and when they were admitted by demurrer to be true, the court below should have maintained its jurisdiction over the bill.

The order of the judge of the circuit court of Ashley county, enjoining the collection of the judgment was right; the dissolution of the injunction, sustaining the demurrer to the bill, and its dismissal, were wrong. The decree is reversed, the injunction must be reinstated, and the demurrer overruled.