[No. 14352. In Bank. — March 26, 1892.]

I. M. MERRILL, APPELLANT, v. THE FIRST NATIONAL BANK OF SAN DIEGO ET AL., RESPONDENTS.

ACCOMMODATION NOTE — LOAN FROM BANK TO PAYEE — SATISFACTION OF LOAN — EXTINGUISHMENT OF MAKER'S OBLIGATION. — Where the payee of an accommodation note borrows money upon it from a bank for its face value, and indorses the note to the bank as security for the indebtedness, the satisfaction of the indebtedness of the payee to the bank, by the transfer of property accepted by the bank in full discharge and payment of all claims against the payee for money borrowed from the bank, extinguishes the obligation of the note, and is a complete defense to an action upon the note against the apparent maker.

ID. — JUDGMENT UPON EXTINGUISHED NOTE — IGNORANCE OF DEFENSE — EQUITABLE RELIEF. — Where, after the obligation of the accommodation note had been extinguished by the satisfaction of the loan made by the bank to the payee, an action was brought by the bank against the apparent maker and payee, in which judgment was recovered against the apparent maker, who was, without any negligence on his part, ignorant of the facts constituting his defense at the time of the rendition of the judgment against him, he may bring an equitable action to obtain relief from the judgment by having it declared satisfied as against him.

ID. — KNOWLEDGE OF BANK — OBLIGATION OF APPARENT PRINCIPAL — SATISFACTION OF NOTE BY PAYEE. — The fact that the bank which made the loan to the payee upon the indorsement of the accommodation note did not know at the time that the payee was the principal debtor, and looked solely to the apparent maker as the principal debtor, does not entitle the bank to recover judgment against the apparent maker, if in point of fact the note was paid or satisfied by the payee.

ID. — RELEASE OF PAYEE — EFFECT UPON APPARENT MAKER — RIGHT TO BENEFIT OF PAYMENT OR SECURITY. — Although the mere release of the payee of an accommodation note who borrowed money thereupon from a bank, and indorsed the note to the bank, which did not consent to deal with the maker otherwise than as a principal debtor, does not, of itself, operate as a release of the apparent maker, still, if, in order to secure such release, the payee paid anything upon the note, or delivered to the bank making the loan any property to secure its payment, the apparent maker is entitled to the benefit of such payment or security.

APPEAL — REVERSAL — NEW TRIAL — DISCRETION. — The discretion of the appellate court will be exercised in ordering a retrial, rather than to direct the entry of a judgment in favor of the appellant upon the findings, where it is not plain from the record that the party against whom the reversal is pronounced cannot finally prevail in the suit as the result of a new trial.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*Luce & McDonald*, and *D. L. Withington*, for Appellant.

*Conklin & Hughes*, for Respondents.

DE HAVEN, J. — The plaintiff seeks in this action to have declared satisfied, so far as he is concerned, a certain judgment obtained by the defendant national bank against plaintiff and one O. S. Hubbell upon a nonnegotiable note.

The court finds that the plaintiff was the apparent maker of the note referred to, but was in fact the surety of Hubbell, the payee named therein; that the note was made for the accommodation of Hubbell, and it is alleged in the complaint, and not denied in the answer, that Hubbell, on the day of its execution, borrowed from the defendant national bank upon said note the full amount called for by it, and indorsed the same to said bank. It

is further found, that after the maturity of said note the defendant Hubbell and his wife conveyed to the defendant McClure " a large amount of real estate and personal property . . . . for the benefit of said First National Bank, which property was received by said bank in full payment of all claims and demands held by said bank against O. S. Hubbell, and particularly in full settlement of his indebtedness for all sums of money borrowed from said bank," and thereupon said bank executed to said Hubbell a release from all said claims and demands, which release recited that the same were fully paid. The property so conveyed was, in substance, the entire estate of said Hubbell and wife. Thereafter the defendant National Bank commenced an action against the plaintiff and the said Hubbell upon the note above referred to, and recovered the judgment which the plaintiff now seeks to declared satisfied.   In said action Hubbell made default, and in this connection the court found that " the said First National Bank and said O. S. Hubbell did not inform the plaintiff that said release had been given, or that said property had been conveyed in payment of said indebtedness, and he was in ignorance thereof at the time of the rendition of the judgment against him." The findings further show that at the time of the execution of said note, the defendant national bank had no knowledge of the fact that the plaintiff was an accommodation maker, but looked to him as the principal, and never received or accepted him as only a surety thereon, and never accepted or recognized Hubbell as the person primarily liable on said note.   Upon these findings, and others not necessary to be here stated, the court below gave its judgment for the defendants, and the plaintiff appeals.

There is no bill of exceptions in the record, and the questions presented by this appeal arise upon the pleadings and findings of the court.

1. As before stated, the pleadings admit that the defendant national bank loaned to Hubbell, upon the note above referred to, money equal to its face value, and that

the note was thereupon indorsed by him to said bank. This being so, the finding of the court that after the maturity of the note Hubbell conveyed property to the defendant bank, which was accepted by it "in full payment of all claims and demands held by said bank against said O. S. Hubbell, and particularly in full settlement of his indebtedness, for all money borrowed from said bank," must be construed with reference to this admission, and is equivalent to a finding that Hubbell fully settled with and satisfied the bank for the money which he had theretofore borrowed from it on the security of this note. Upon the facts stated in this and the other findings before referred to, the court erred in rendering judgment in favor of the defendant. The payment of the indebtedness represented by said note, or rather Hubbell's satisfaction of such indebtedness by the transfer of property accepted by its holder for that purpose, extinguished the obligation of the note, and would have been for plaintiff a complete defense to the action subsequently brought to recover upon the note thus fully satisfied; and as the plaintiff was, without any negligence on his part, ignorant of the facts constituting such defense at the time of the rendition of the judgment against him, he may in this form of action obtain relief from the effect of such judgment. (*Wales* v. *Bank of Michigan,* Harr. (Mich.) 308; *Reed* v. *Harvey,* 23 Ark. 44.)

The fact that the national bank did not know at the time of the execution of the note that Hubbell was the principal debtor, and that it looked solely to plaintiff as the principal, does not affect the question we are now considering. If in point of fact the note was paid or satisfied, the defendant national bank was not entitled to the judgment which it subsequently recovered thereon against the plaintiff.

While it may be true that if the bank did not consent to deal with plaintiff otherwise than as a principal upon said note, the mere release of Hubbell would not, of itself, operate as a release of plaintiff, still, if, in order to secure such release, Hubbell paid anything upon said

note, or delivered to the defendant national bank any property to secure its payment, the plaintiff is entitled to the benefit of such payment or security.

2. The evidence upon which the case was based is not in the record before us, and as finding No. 11 leaves it somewhat doubtful whether the court below gave to its finding in regard to the settlement made by Hubbell with the respondent bank the same construction we have, and which we think it must bear, we deem it proper under the rule declared in *Schroeder* v. *Schweizer Lloyd T. V. G.*, 60 Cal. 467, 44 Am. Rep. 61, to order a retrial, rather than to direct the entry of a judgment for the plaintiff upon the findings as they are.

Judgment reversed, and cause remanded for a new trial.

HARRISON, J., MCFARLAND, J., PATERSON, J., GAROUTTE, J., and SHARPSTEIN, J., concurred.

Rehearing denied.