[Sac. No. 2177. Department Two.—July 22, 1915.]

STOCKTON SAVINGS BANK (a Corporation), Appellant, v. N. T. McCOWN, Administrator with the Will Annexed of the Estate of Sidney Newell, Deceased, Respondent.

SURETYSHIP—PRINCIPAL OBLIGATION AND NONPAYMENT MUST BE SHOWN —PLEADING.—In a suit against a surety the principal obligation and its nonpayment must be clearly set forth because the surety's liability is only conditional.

ID.—ESTATE OF DECEASED PERSON—PRESENTATION OF CLAIM.—The rule with reference to the form of claims against the estate of a deceased person based on contracts of suretyship is as rigid as the rule of pleading applying to a complaint sufficient to charge a surety.

ID.—NOTE AS SECURITY—FAILURE TO INCLUDE IN CLAIM AND SHOW NONPAYMENT OF PRINCIPAL NOTE—VARIANCE.—A claim against the

estate of a deceased person based upon a promissory note, given as security for an antecedent promissory note, which fails to set forth a copy of the principal note and show its nonpayment, is fatally defective, and the administrator has the right to reject it, and in an action upon it in the form in which it was presented, there is a fatal variance between the claim presented and the claim upon which the suit is brought.

ID.—SURETYSHIP—PLEADING AND PROOF—STRICTNESS OF RULE.—Where one man becomes obligated to pay the debt of another under certain conditions he or his heirs may, of right, depend upon the strict rules not only of proof but of allegation and insist that one seeking to enforce the contract of suretyship must comply with those rules; and as the statute requires a presentation to the representative of a deceased person of the principal obligation upon which the claim of suretyship is based against the estate, its presentation is imperative.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. J. A. Plummer, Judge.

The facts are stated in the opinion of the court.

Arthur L. Levinsky, for Appellant.

Harding & Munroe, and George F. McNoble, for Respondent.

MELVIN, J.—Plaintiff appeals from the judgment and from the order denying its motion for a new trial.

The suit was based upon a rejected claim against the estate of Sidney Newell deceased and the only question necessary for decision is whether or not the court erred in holding that the claim, as presented, was fatally defective. The record discloses the following state of facts: In 1902 S. W. Newell was indebted to Stockton Savings Bank in a large sum of money. A settlement was made resulting in the giving of a note by him to that corporation. No part of the debt was an obligation of his father, Sidney Newell. In 1906, by a note dated January 3d, S. W. Newell agreed to pay the amount which was due in the earlier note amounting to a sum in excess of eighteen thousand dollars. Sidney Newell, who was an officer of the bank, called his son into his office one day and saying that the bank wanted further security for the debt of the younger Newell presented to the latter a joint note which the

father had already signed. S. W. Newell signed it. This note was dated October 20, 1906, and on the end of it was written: "Security for the payment of a note of S. W. Newell, dated January 3, 1906," and the court found that the later note was in fact so given as such security. Two payments were made subsequently upon the debt of S. W. Newell, both amounts so applied having been realized from sale of certain securities deposited as collateral for the earlier note.

After the death of Sidney Newell, the plaintiff presented to the executor of his estate a claim based upon the note of October 20, 1906. With reference to this claim the court found:

"That said purported claim did not contain a copy of said note dated January 3, 1906, signed by S. W. Newell, for which said note set out in said purported claim was given as security and no copy of said note of January 3, 1906, was attached to said purported claim and said purported claim contained no statement of the amount unpaid on said note of January 3, 1906, above referred to and failed to show that said note of January 3, 1906, for which said note set out in said purported claim was given as security, had not been paid." The claim was rejected by the executor and this suit was consequently instituted against the estate of Sidney Newell.

It needs no citation of authority to sustain the rule that in a suit against a surety the principal obligation and its non-payment must be clearly set forth because the surety's liability is only conditional. But there is ample authority well illustrated by the following citations: *Mickle* v. *Sanchez*, 1 Cal. 200; *Morgan* v. *Menzies*, 60 Cal. 348; *Adams* v. *Wallace*, 119 Cal. 70, [51 Pac. 14]; 16 Encyclopedia of Pleading and Practice, p. 948; 20 Cyc. 1486–87; 32 Cyc. 127; *Richards* v. *Travelers' Ins. Co.*, 80 Cal. 506, [22 Pac. 939]; *Merrill* v. *First National Bank*, 94 Cal. 59, [29 Pac. 242]; *Towle* v. *Sweeney*, 2 Cal. App. 33, [83 Pac. 74]. But appellant insists that the rule with reference to claims against an estate is much broader and seeks to invoke certain equitable principles in favor of a claimant who fails formally to set up a principal obligation which has not in fact been paid. But we agree with the learned judge of the superior court who presided at the trial of this case that the rule with reference to the presentation of claims is as rigid as the rule of pleading applying to a complaint sufficient to charge a surety. In

*Estate of Turner,* 128 Cal. 390, [60 Pac. 967], it was held that a recital in a promissory note presented as a claim against an estate that the note is secured by a mortgage does not include the presentation of the mortgage or excuse the failure to present it where no copy of the contract was included in the claim and no reference was made therein to the public record of such mortgage. That case was in principle similar to this. The claim as presented utterly failed to state that the principal obligation was unpaid or even to mention it. The note given as surety was not the only instrument upon which plaintiff's claim rested. It was necessary, therefore, that plaintiff set out a copy of the principal note. (Code Civ. Proc., sec. 1497.) In the case of *Richards* v. *Travelers' Insurance Co.,* it was held that failure to allege nonpayment of the principal obligation could not be cured by verdict. That, it is true, was not a case dealing with the sufficiency of a claim but the same principle is applicable to a claim of this sort as to a suit on a contract of surety. Appellant complains of hardship in the application of that which is declared to be a mere technical rule. But suretyship is a technical obligation. Where one man becomes obligated to pay the debt of another under certain conditions he or his heirs may, of right, depend upon the strict rules not only of proof but of allegation and insist that one seeking to enforce the contract of suretyship must comply with those rules. The statute requires a presentation of the principal claim. It is imperative and we are not authorized to make any exception to avoid hardship in particular cases. (*Estate* of *Hildebrandt,* 92 Cal. 436, [28 Pac. 486].)

The cases cited by appellant do not sustain his contention that strictness in the rule with reference to claims may be relaxed by this court. *Estate of Swain,* 67 Cal. 637, [8 Pac. 497], merely holds that a balance of account need not be itemized in a claim against an estate, because the statute does not require that it be itemized. *Griffith* v. *Lewin,* 129 Cal. 596, [62 Pac. 172], deals with the sufficiency of an affidavit attached to a claim. In *Davis* v. *Browning,* 91 Cal. 604, [27 Pac. 937], the holding was that the objection to the verification was not well taken. *Chase* v. *Evoy,* 58 Cal. 348, but reiterates the well known rule that the objection of uncertainty may not be urged under a general demurrer. There is a dictum in *Landis* v. *Woodman,* 126 Cal. 456, [58 Pac. 857], to the effect that where an administrator rejected a claim because it failed to state the true consideration of a contract

he should have so informed the claimant so that the objection might have been met. But there is no such requirement imposed by the statute upon the executor or administrator and that case was not decided upon the failure of the administrator to inform the claimant of the basis of the rejection of the claim. The court was merely discussing the reasons for the interpretation of the statute, which was there given. In *Martin* v. *Brosman,* 18 Cal. App. 479, [123 Pac. 550], the court was considering whether or not a claim should show· upon its face that it was not barred by the statute of limitations and it was held that there was no necessity of such showing. It was said also that a general rejection of a claim without special reasons waived formal defects. But in the case at bar the defect was not merely formal; it was fundamental and was met by the general objection just as in a suit on the· note of surety in Sidney Newell's lifetime a general demurrer would have been sufficient to support a ruling adverse to the plaintiff on the ground that the primary obligation was not pleaded. (*Richards* v. *Travelers' Insurance Co.,* 80 Cal. 506,· [22 Pac. 939].) *Guerian* v. *Joyce,* 133 Cal. 405, [65 Pac. 972], did not deal with a failure to allege that the principal obligation was unpaid and to set forth the instrument evidencing that obligation. It merely held that an affidavit regarding the amount due on a claim and the sums credited was· sufficient.

No authority has been cited, and our own industry has revealed none, that excuses the omission of anything from a claim like this so clearly necessary as is the setting up of the principal obligation. If hardship results from the enforcement of this rule the remedy is with the legislature—not· with us. Our duty is to enforce the statutes in all of their essentials.

The administrator had the right to reject the claim as presented. Thereupon the claimant's cause of action arose upon the claim in the form in which it had been presented. That was the only action which he might maintain. There was· here a fatal variance between the claim presented and the claim upon which suit was brought. (*McGrath* v. *Carroll,* 110 Cal. 84, [42 Pac. 466].)

It follows that the judgment and order from which plaintiff appeals should be and they hereby are affirmed.

Henshaw, J., and Lorigan, J., concurred.