[L. A. No. 5371. In Bank.—August 4, 1920.]

## WALTER M. THOMPSON, Respondent, v. FREDERICK KOELLER et al., Appellants.

[1] Suretyship—Pleading—Principal Obligation and Nonpayment—Inapplicability of Rule — Unconditional Instrument.—The rule that in a suit against a surety the principal obligation and its nonpayment must be clearly set forth because the surety's liability is only conditional has no application where the instrument sued on is unconditional by its terms and the condition to which it is subject is created by extrinsic facts entirely, for in such a case, although the instrument may be set out in full in the complaint, there is nothing to show that the obligation is not absolute and the complaint states a good cause of action.

[2] Id.—Conditional Obligation—Pleading and Evidence—Right of Defendant.—Where an instrument sued on is unconditional by its terms, the defendant may allege and show that the obligation was in fact conditional, and in doing so he does not make out a variance between the instrument sued on and the one shown by the proof.

[3] Pleading—Answer—New Matter—Right of Plaintiff.—Under our system of pleading, there is no replication, but when new matter is pleaded in an answer by way of confession and avoidance, the plaintiff may by his proof either take issue as to its truth, or may avoid it by the showing of still further facts which destroy its validity as a defense.

[4] Foreclosure of Mortgage—Collateral Security—Pleading and Evidence.—In an action to foreclose a mortgage given to secure a note, where the complaint failed to allege the fact that the note and mortgage were given as collateral security for the payment of certain notes of third persons given the plaintiff for the purchase price of certain tractors, it was proper for the defendant to allege that the note and mortgage were given as such security and to permit the plaintiff, after proof of such defense, to show that a default on the principal obligation had in fact taken place, and to an extent in excess of that sought to be recovered on the security.

[5] Estates of Deceased Persons—Sufficiency of Claims.—It is not required that a claim against an estate should state the facts with all the preciseness and detail required in a complaint, and the sufficiency of such a claim is not to be tested by the rule applicable to pleadings.

[6] Id.—Note and Mortgage as Collateral Security—Claim—Presentation of Copy of Secured Obligation Unnecessary.—In the presentation of a claim against an estate of a deceased person

on a note and mortgage given as collateral security, but in terms
unconditional, it is not necessary to state that the claim is upon
a note given as security, or to set out a copy of the secured
obligation.

[7] APPEAL — POINTS ADVANCED IN REPLY BRIEF.—Points advanced
for the first time in the appellants' reply brief need not be dis-
cussed.

APPEAL from a judgment of the Superior Court of Los
Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Waldo M. York and J. H. Ryckman for Appellants.

Overton, Lyman & Plumb for Respondent.

OLNEY, J.—This is an appeal by the two principal de-
fendants from a judgment against them foreclosing a mort-
gage upon real property given to secure a note for two thou-
sand dollars. The facts are:

The note and mortgage were executed by the defendant,
Frederick Koeller, and his wife, Louise Koeller, the latter of
whom subsequently died and the administrator of whose es-
tate, Walter H. Richards, is the other of the appealing de-
fendants. The note and mortgage by their terms denote an
absolute obligation to pay on the part of the Koellers, but
were in fact given as collateral security for the payment of
certain notes of third persons given the plaintiff for the pur-
chase price of certain tractors which such persons were buy-
ing from him and which he was willing to sell to them on
credit secured by the Koeller note. These notes were not
paid, and the purchasers of the tractors came into default
upon them in an amount in excess of the Koeller note, with
the result that the obligation of the latter, which in its in-
ception was conditioned upon such default, became uncon-
ditional.

In this situation, Mrs. Koeller having died, the plaintiff
presented to the defendant Richards as administrator of her
estate a claim for the amount due on the note, specifying
that the claim was upon the note, a copy of which was at-
tached, and that the note was secured by mortgage, a copy
of which was likewise attached. The claim, however, did not
specify that the note had been given as security, and in par-

ticular did not set out copies of the notes for which it was security. The administrator neither allowed nor rejected the claim, and the statutory time for him to act having expired, the plaintiff brought the present action.

The plaintiff's complaint was in the usual form of a complaint in a foreclosure suit, setting out the note and mortgage in full, and alleging presentation of the claim against Mrs. Koeller's estate. The complaint, however, like the claim, did not set out that the note had originally been given as security. The only substantial defense pleaded in the defendants' answers was that the note had been so given, coupled with the averment that the notes of the third persons evidencing the primary obligation to the plaintiff had been discharged. At the trial the plaintiff introduced the note and mortgage in evidence, the note being overdue by its terms, testified that nothing had been paid upon it, and rested. The defendants then proved that the note had been given as collateral security, and rested. The plaintiff then sought to introduce evidence of the default on the notes which the note in suit had been given to secure. To this the defendants objected. The trial court, however, permitted the evidence, and at the conclusion of the trial found that the Koeller note had been given as security but that default had been made upon the notes it was given to secure in an amount larger than the amount of the Koeller note, and gave judgment for the plaintiff.

The principal points made by the defendants on appeal are two. It is claimed, first, that the court should not have permitted the plaintiff, after the defendants had shown that the note in suit had been given as security, to show the default in the obligations secured. The contention of the defendants is not a mere procedural one, as to which there could be no reasonable question, that the court might not in its discretion permit the plaintiff to reopen his case after he had once rested. Their contention goes much deeper and is essentially that the evidence introduced made out a cause of action at variance with that alleged in the complaint. The particular point is that the complaint in alleging merely the execution and maturity of the Koeller note and that it was unpaid, without alleging that it was given as security, sets out an unconditional obligation, while the proof showed a

conditional obligation, that is, one conditional in its inception on a default upon the notes it was given to secure.

The second contention of the defendants is based upon much the same proposition. It is that the claim presented against the estate of Mrs. Koeller was insufficient in that it, like the complaint, failed to set out that the note had been given as security, and in particular failed to set out copies of the notes whose payment it secured.

In support of both contentions, the defendants rely upon *Stockton Savings Bank* v. *McCown,* 170 Cal. 600, [150 Pac. 985]. In support of the first, they rely particularly upon the following language from the opinion in that case: ''It needs no citation of authorities to sustain the rule that in a suit against a surety the principal obligation and its non-payment must be clearly set forth because the surety's liability is only conditional. But there is ample authority well illustrated by the following citations: [citing a number of authorities.]''

Now, there can be no question as to the correctness of the rule so laid down in a case where the instrument upon which the suit is brought is by its own terms conditional. If such an instrument is set forth in the complaint, or it otherwise appears from the allegations of the complaint that the obligation sued on was conditional, as, for example, if it appear that the note was given as security, the complaint plainly does not state a cause of action unless it also alleges the happening of the condition necessary on the face of the complaint to entitle the plaintiff to recover. None of the cases cited in *Stockton Sav. Bank* v. *McCown* as authority for the rule goes any further than this.

[1] But such a rule has no application whatever to a case such as the present, where the instrument sued on is unconditional by its terms and the condition to which it is subject is created by extrinsic facts entirely. In such a case, although the instrument may be set out in full in the complaint, there is nothing to show that the obligation is not absolute and the complaint states a good cause of action. [2] As a defense the defendant may allege and show, as the defendants did here, that the obligation was in fact conditional. When the defendant does this, however, he does not make out a variance between the instrument sued on and the one shown by the proof. The instrument shown by the

proof is identical with the one pleaded. The facts which the defendant pleads and proves are by way of confession and avoidance of the case alleged by the complaint, not by way of denial of it. That this is so is demonstrated by the fact that the defendant cannot truthfully deny the facts alleged in the complaint, and, in particular, the fact of the. execution of the exact instrument sued upon. The matter alleged in the answer, to wit, that the obligation of the instrument sued on was conditional, being by way of confession and avoidance, the plaintiff might at common law in turn avoid the effect of the matter so alleged by the defendant by replication or reply, alleging that the condition set forth in the defendant's plea or answer has in fact occurred, so that the existence of the condition in the first instance is no longer a defense. [3] Under our system of pleading, there is no replication, but when new matter is pleaded in an answer by way of confession and avoidance, the plaintiff may by his proof either take issue as to its truth, or may avoid it by the showing of still further facts which destroy its validity as a defense. [4] This is exactly what was done in the present case. The plaintiff proved the note, which was overdue by its terms, and that nothing had been paid on it. By so doing he made out a *prima facie* case. The defendants did not deny this or controvert it in any way. They showed merely that payment of the note was conditional because it had been given and accepted as security. This was a good defense, unless there had been a default in the obligation secured, and even then was a good defense except to the extent of such default. The plaintiff then by way of proper replication to this defense showed that a default on the principal obligation had in fact taken place, and to an extent in excess of that sought to be recovered on the security. The effect of this proof was to show, not that the plaintiff was entitled to recover on a different cause of action from that pleaded in his complaint, but that the defense which the defendants pleaded was not a good defense, that the contingency upon which the defendants were liable upon the note sued upon had in fact occurred.

The identical question under discussion was presented and decided in *McGue* v. *Rommel,* 148 Cal. 539, [83 Pac. 1000]. There an action had been brought upon a promissory note absolute by its terms, as was the note here. But the obliga-

tion upon the note was in fact conditional, since it had been given for the last payment upon the purchase price of certain real property, and our decisions are that in such a case it is a condition precedent to a recovery upon the note that a deed to the property be tendered the vendee. The identical point was made that is made here, that the complaint should have alleged the sale agreement so as to show the conditional character of the obligation on the note, and the tender of a deed so as to show the happening of the condition. Upon this point the court said in language which might well be used in deciding this case (page 545):

"On the authority of *Naftzger* v. *Gregg*, 99 Cal. 83, [37 Am. St. Rep. 23, 33 Pac. 757], it is said that the complaint is defective because it contains no averment of the agreement of sale and tender of a deed in compliance with its conditions. Some expressions in the opinion in that case imply that a complaint upon a promissory note in the usual form, good upon its face, can be rendered defective by reference to affirmative allegations in the answer. If this were correct, the defendant in such a case would, logically, be entitled to judgment upon the pleadings by reason of allegations in the answer, which by law are deemed controverted (Code Civ. Proc., sec. 462), and of the truth of which there is no evidence. This would be contrary to long-established rules of pleading and evidence. The decision cannot be given such effect. The course of pleading and procedure in such cases is well established and it was followed in the case at bar. The defendants in their answer alleged the execution of the agreement showing the concurrent conditions necessary to be performed and alleged nonperformance by plaintiff. Upon the trial plaintiff introduced in evidence the note sued on. This established all the allegations of the complaint upon which issue was taken, and he thereupon rested his case. Without further evidence he would have been clearly entitled to judgment for the amount of the note. The defendants, in support of the affirmative allegations of the answer, then introduced the agreement and proved that the note was given as evidence of the debt for the price of the property. *Naftzger* v. *Gregg* is perhaps authority for the proposition that upon this being shown, the burden lay upon the plaintiff to prove an offer to perform by tendering a conveyance sufficient to transfer the interest agreed to be sold. This we need not

determine, for, as above stated, the evidence of such tender was sufficient, and upon this appeal it is immaterial which party introduced it.''

See, also, *Bank of Paso Robles* v. *Blackburn,* 2 Cal. App. 146, [83 Pac. 262].

An examination of the opinion and also of the record in *Stockton Sav. Bank* v. *McCown* shows that upon the point under discussion it is not in conflict upon its facts with *McGue* v. *Rommel* and the views we have just expressed. The complaint set out the note and as a part of the note a statement written on its face that it was security for the payment of another note. There was no allegation, however, of a default upon the note secured. In other words, the complaint set forth in effect a conditional obligation, and failed to allege the happening of the condition which alone would entitle the plaintiff to enforce the obligation, and, therefore, necessarily failed to state a cause of action. But such was not the case here. Here the complaint did state a cause of action, and the evidence which the plaintiff introduced after the defendants had rested was by way of proper replication in avoidance of the defense made. The plaintiff had a positive right to introduce such evidence, and the action of the trial court in permitting him to do so must be affirmed.

Upon the second point made by the defendants, that the claim presented against Mrs. Koeller's estate failed to state that it was upon a note given as security or to set out a copy of the notes secured by it, the reliance of the defendants is also, as we have stated, upon the authority of *Stockton Sav. Bank* v. *McCown.* And upon this point we can see no distinction between it and the present case. The very point of the decision there was that where a claim is presented against an estate upon a note given as security for another note, the claim must contain a copy of the latter as well as the first. The claim in the present case is of just that character, and did not contain copies of the notes secured. The decision goes upon the principle, which it declares, that *"the rule with reference to the presentation of claims is as rigid as the rule of pleading applying to a complaint."*

Now, in the first place, it is evident upon a brief consideration that the rule actually applied in *Stockton Sav. Bank* v. *McCown* is even stricter than the rule it states. It was not necessary for a valid complaint in that case that it set out a

copy of the note for which the note sued on was given as security, or even to state its terms with any particularity. The only bearing of that note on the case was on the point of a default having occurred upon it, so that the condition upon which the note in suit was payable had in fact occurred. When the decision requires a copy of the note secured, as well as of the note on which the claim is based, to be attached to the claim, it requires more than would be required of a complaint, and goes further than the principle upon which it proceeds, that the sufficiency of a claim is to be tested by the rules as to the sufficiency of a pleading, and is in fact at variance with and opposed to that principle.

In the second place, that principle is itself opposed to repeated statements by this court upon the very point. In *Pollitz* v. *Wickersham,* 150 Cal. 238, [88 Pac. 911, 916], it is said (page 250) : **[5]** *"It is not required that a claim against an estate should state the facts with all the preciseness and detail required in a complaint, and the sufficiency of such a claim is not to be tested by the rules applicable to pleadings.* It should, of course, as said in *McGrath* v. *Carroll,* 110 Cal. 79, 83, [42 Pac. 466], 'sufficiently indicate the nature and amount of the demand to enable the executor and judge in probate to act advisedly upon it,' and this, we think, the claim in question did."

In *Elizalde* v. *Murphy,* 163 Cal. 681, [126 Pac. 978, 981] the claim as presented was anything but sufficient as a complaint, but the court said (page 689) : "The purpose of presenting a claim is to advise the party against whom the claim is presented of its nature. The code nowhere defines the precise form of such a claim. (Code Civ. Proc., secs. 1493, 1497, 1502.) In *Pollitz* v. *Wickersham,* 150 Cal. 238, [88 Pac. 911], it is said: 'A claim against an estate is not required to state the facts with all the preciseness and detail required in a complaint, and its sufficiency is not to be tested by the rules of pleading.' Assuming that the presentation of a claim against the estate of Marre was necessary under the circumstances here shown, we are clear that the claim which was in fact presented was sufficient to comply with the law, to convey notice of the nature of the claim, of the circumstances out of which it grew and its approximate amount, which manifestly was all that could be stated."

The spirit of these decisions at least also appears in the opinion denying rehearing in *Raggio* v. *Palmtag,* 155 Cal. 797, 806, [103 Pac. 312], and the rule they lay down was again expressly stated in *Western etc. Co.* v. *Lockwood,* 166 Cal. 185, 196, [135 Pac. 496, 501], thus: "It is claimed that the complaint does not state a cause of action. in that it does not show the presentation of a proper claim against the estate of deceased. No objection in this regard was made until long after the commencement of this action and until long after the time for the presentation of claims had expired. We think that there is no force in the claim so made. To our minds, the claim presented was based upon the cause of action here asserted and sufficiently showed the nature of plaintiff's demand to give the executors such information as was necessary to enable them to act upon it advisedly. · It is not fatal to such a claim, especially in the absence of a demand for further particulars, that it is not drawn with the precision which would render a complaint good against a special demurrer.''

None of these decisions is referred to in *Stockton Sav. Bank* v. *McCown,* or apparently called to the attention of the court. In the subsequent case of *Doolittle* v. *McConnell,* 178 Cal. 697, [174 Pac. 305], the court again repeats (page 705) their language as stating the established law 'of the state, and makes no reference to *Stockton Sav. Bank* v. *McCown.* Now that the question is before us again, we can but conclude that the rule of the decisions mentioned is in truth the established law of the state and that *Stockton Sav. Bank* v. *McCown* should be overruled as contrary thereto.

This conclusion is strengthened, if possible, by the fact that this rule is in accord with the requirements of the code, while that of *Stockton Sav. Bank* v. *McCown* is not. The whole matter of the presentation of claims against the estates of decedents is purely statutory and dependent upon the code provisions, and there is not a word in the code to the effect that a claim against an estate should set forth the facts upon which it is based with the precision and detail of a pleading. In fact, as was said in *Thompson* v. *Orena,* 134 Cal. 26. 29, [66 Pac. 24, 25]: "Not even the particulars of a claim already due and not contingent (the plaintiff's claim here was of that character) are required to be set out by the provisions of the section cited'' (sec. 1494, Code Civ. Proc., pre-

scribing the requisites of a claim). The object, indeed, of requiring the presentation of claims is very different from the object of a pleading in a contested matter. As stated in *Preston* v. *Knapp,* 85 Cal. 559, 561, [24 Pac. 811, 812], it is "to save to estates of deceased persons the costs and expenses of useless suits—suits to recover what would have been allowed and paid by the executor or administrator without suit." To subserve this object, both the code and our decisions require in the language of *McGrath* v. *Carroll,* 110 Cal. 79, 83, [42 Pac. 466], quoted in *Pollitz* v. *Wickersham, supra,* and repeated in effect in *Elizalde* v. *Murphy, supra,* and *Western etc. Co.* v. *Lockwood, supra,* that the claims "sufficiently indicate the nature and amount of the demand to enable the executor and judge in probate to act advisedly upon it." If a claim meets this general requirement, it is sufficient unless it fails to meet some particular requirement of the code. There are a number of such particular requirements, such, for example, as that prescribing the character of affidavit by which the claim must be supported, but the only one material here is the provision of section 1497 of the Code of Civil Procedure, that "if the claim be founded on . . . any . . . instrument, . . . a copy of such instrument with all indorsements must be attached to the statement of the claim and filed therewith." It has been held that if this provision is not complied with, a claim founded on a written instrument is defective. (*Estate of Turner,* 128 Cal. 390, [60 Pac. 967].) In the present case, as we have stated, copies of the note and mortgage executed by Mrs. Koeller were attached to the claim against her estate. The question is, Should there also have been attached copies of the notes which her note and mortgage were given to secure? It seems to us that it hardly requires argument to show that the claim against Mrs. Koeller's estate is not "founded," as that word is used in the code, on the notes of third persons which she never executed, but upon her own note which she did execute. Putting it succinctly, it may be said that while Mrs. Koeller was liable through her own note *for* the notes secured thereby, she was certainly not liable *on* them. The liabilities on the two are quite distinct and run against different parties, and the liability of Mrs. Koeller was founded on her own note and not on notes to which she was not a party, even though her note was given to secure

them. [6] The claim against her estate was, therefore, not deficient in not setting out copies of those notes.

There are a number of other points because of which the defendants and appellants ask for a reversal. They are all, however, of a minor character and advanced for the first time in the appellants' reply brief. [7] In view of this latter circumstance (*Phelps* v. *Mayers,* 126 Cal. 549, [58 Pac. 1048]; *Hibernia etc. Society* v. *Farnum,* 153 Cal. 578, [126 Am. St. Rep. 129, 96 Pac. 9]), we feel under no necessity for discussing them further than to say that we have looked at them and find none of them good ground for reversal.

Judgment affirmed.

Shaw, J., Wilbur, J., Lennon, J., Lawlor, J., Angellotti, C. J., and Sloane, J., concurred.