[Civ. No. 6971. Second Appellate District, Division One.—February 15, 1932.]

A. L. HOBSON, Respondent, v. THE METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK (a Corporation), Appellant.

Clyde C. Shoemaker for Appellant.

Durley & Downs and Clarke & Bowker for Respondent.

CONREY, P. J.—On October 28, 1926, the defendant as surety, and Robert Marsh & Co., Inc., a corporation, as principal, executed to plaintiff a bond in the sum of $15,000 conditioned as follows: that "Whereas the said Robert Marsh & Co., Inc., have sold to A. L. Hobson and his associates, certain property with improvements located in the city of Los Angeles (describing said property) and whereas the said Robert Marsh & Co., Inc., have agreed with the said A. L. Hobson and his associates, that the property herein described will not be vacated by October 15, 1927; and should said property herein described be vacated before October 15, 1927, said Robert Marsh & Co., Inc., agree to lease from A. L. Hobson and his associates the property herein described from such time as property is vacated to October 15, 1927, at a rental of Two Thousand Five Hundred Dollars ($2,500.00) per month, payable in advance.

"Now therefore, if the said Robert Marsh & Co., Inc., shall enter into such lease as herein referred to, and shall well and truly pay the monthly rentals herein referred to, as provided for by the terms of a lease agreement, then this obligation to be null and void; otherwise to be and remain in full force and effect."

The execution of the bond was incidental to a transaction wherein the principal obligor (hereinafter called Marsh & Co.) was agreeing to convey the described property to respondent Hobson and certain other persons. The property at the time was occupied by a tenant under a lease which was subject to a right of termination by the tenant. In order to protect Hobson and his associates from such termination by the tenant prior to a fixed date, Marsh & Co. agreed that if the property should be vacated by the tenant before October 15, 1927, Marsh & Co. would lease the property at the stated rate of rental up to and including October 15, 1927. The undertaking sued upon in this action was given to secure the performance of that agreement. The tenant did vacate the property within the period against which provision was made as above stated; the accumulated rents which would have accrued under the lease exceeded the sum of $15,000; Marsh & Co. did not lease the property and did not pay the amount of said agreed rental, but refused to so lease or pay, although the plaintiff and his associates (and assignors) demanded that Marsh & Co. execute a lease of said premises and pay the rentals as specified in said bond. The foregoing facts are included in those alleged in the complaint and found by the court. The defendant appeals from the judgment, as entered against it in the sum of $15,000 with interest allowed from November 30, 1927.

Appellant's point I. That the court erred in overruling defendant's demurrer to the complaint. That the complaint failed to state a cause of action, in this, that there is not in the complaint any allegation that a lease was tendered to Marsh & Co. for its acceptance. It was alleged in the complaint that Marsh & Co. "did not lease said real property from A. L. Hobson and his associates . . . and refused to lease said premises . . . although said A. L. Hobson and his associates demanded that said corporation execute a lease of said premises . . ."

An allegation of tender of such lease was not necessary to the statement of a cause of action. The complaint states facts which cover the very conditions which, *prima facie*, establish liability according to the terms of the undertaking. If other facts existed, which would excuse Marsh & Co. from leasing the property, these were matters of defense to be pleaded and proved by the defendant. This is the conclusion which we think is warranted by the Supreme Court decision in *Thompson* v. *Koeller*, 183 Cal. 476 [191 Pac. 927], where the earlier cases bearing upon the same subject are quite thoroughly considered. ■ It might well be that in plaintiff's proof of the alleged facts it would appear that the refusal of Marsh & Co. to "lease the premises" was, as the words imply, a declaration that it would not execute any lease whatever. If so, no tender of an actual instrument of lease would be necessary, even though under other circumstances such tender might become necessary. Moreover, since the lease for which the contract provided was to be a lease terminating on October 15, 1927, and would cover a period of less than one year, that would be a lease for which no written instrument is required by law. (Civ. Code, sec. 1624, subd. 5.) It may perhaps be inferred from some terms of the contract, that the parties intended that the leasing by Marsh & Co. (if such leasing should become necessary) would be in written form; but neither the bond, nor the contract referred to therein, contains any direct provision that the lease shall be written. It is true that at the trial the plaintiff presented evidence that he and his associates caused to be prepared, and signed, and offered to Marsh & Co., a written lease, and it is true that thereby they by their conduct assumed that a written lease was necessary. But we cannot use such evidence as a test of the sufficiency of the complaint to state a cause of action.

Appellant's point II, that the court erred in overruling defendant's objection to the reception of any evidence, is controlled by our decision that the complaint did state a cause of action.

Under the specifications of insufficiency of the evidence to justify the findings, appellant directs attention to three findings. These are the findings which determine (A) "that it is not true that said A. L. Hobson and his associates did not give any notice in writing to said Robert Marsh &

Co., Inc., as required or provided by said agreement of October 15th, 1926''; and (B) ''that it is not true that said A. L. Hobson and his associates never made and/or offered to make and/or tendered to said Robert Marsh & Co., Inc., any lease as provided by said agreement''; and (C) ''that it is true that plaintiff made diligent effort to lease said premises or some part thereof during the period of time from Dec. 14, 1926, down to October 15, 1927''.

In attacking the sufficiency of the notice calling upon Marsh & Co. to lease the property and pay the rent, appellant claims that said notice was insufficient for the reason that it contained a demand that Marsh & Co. enter into a lease for a period ''ending November 14, 1927'', whereas the obligatory period as contained in the contract would end with October 14, 1927. In our opinion all of the circumstances indicate that this was a clerical error which did not in any way mislead Marsh & Co. The notice calls attention to the fact that it was being given pursuant to said agreement. The lease which was prepared following the giving of said notice, and offered to Marsh & Co. for execution by it, was drawn for a term ending with October 14, 1927. We are unable to agree with the contention that this error in the written notice constituted a new and different offer from that contained in the contract, whereby Marsh & Co., and consequently the defendant, should be permitted to escape from the effect of the notice.

Appellant further contends that the notice was insufficient because the signatures thereto, in addition to the signature of the plaintiff were only the signatures or names of his associates ''by A. L. Hobson'', and that there is no evidence of authority of A. L. Hobson to act for his associates. In this connection it appears from the evidence that in all of the previous negotiations A. L. Hobson had acted for his said associates; that the original agreement had been made with A. L. Hobson alone, and the others had by the terms of the said agreement been brought into the transaction as his nominees; and that the said prepared and offered lease was signed personally by all of said parties in interest with A. L. Hobson, except that the signature of Effie S. Hobson was made by Edith S. Hoffman, her attorney-in-fact.

■ It would unduly extend this opinion to set forth a narrative of all of the evidence bearing upon the subject of the efforts made by Hobson, for himself and on behalf of his associates, to communicate with Marsh & Co. and its officers at its place of business for the purpose of serving said notice and for the purpose of tendering said lease for acceptance and execution by Marsh & Co. Suffice it to say that the evidence shows that the plaintiff made diligent efforts to serve the notice, and to make tender of the lease, and that if there was any incompleteness in the formalities of such service or tender, such defect was apparently not the fault of the plaintiff. It is our conclusion that the court was justified by the evidence in finding that the notice was given and the lease was tendered in accordance with the contract, and that plaintiff did make diligent efforts to lease the premises.

■ The last two points argued on behalf of appellant take the form of a statement of certain rules of law, to wit: That the obligation of the surety is determined by the obligation of the principal, and that the liability of the surety is commensurate with that of the principal. These principles of law may be accepted without debate. But since we have reached the conclusion that the principal was not, by the conduct of plaintiff and his associates, exonerated and released from liability on the contract, it follows that the surety has not been exonerated or released from liability on the bond.

The judgment is affirmed.

Houser, J., and York, J., concurred.